IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-20347

Summary Calendar
_____

DAVID WAYNE MCWHERTER,

Plaintiff-Appellant,

v.

J.A. COLLINS, ET AL.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
(CA-H-92-2359)
_____

October 30, 1995

Before KING, SMITH and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Texas prisoner David Wayne McWherter appeals the dismissal of his civil rights complaint alleging that seven prison officials retailated against him for using the prison grievance system. We affirm.

Following the filing of McWherter's complaint, IFP status was granted and six of the seven defendants were served. Officer S.

---

[*]Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the court has determined that this opinion should not be published.

Lane, the seventh defendant, could not be located. At the conclusion of a <u>Spears</u> hearing, the claims against the six served defendants were dismissed on the basis that the claims lacked an arguable basis in law and fact and had no realistic chance of ultimate success. <u>See</u> 28 U.S.C. § 1915(d). The court then gave McWherter an additional 45 days to have Lane served. The court told McWherter that if he could not effect service in that time, the case against Lane would be dismissed as provided by Fed. R. Civ. P. 4(m). After the expiration of the 45-day period, the case was dismissed with prejudice on the basis that the court had previously dismissed all defendants except Lane and that McWherter had failed to effect service on Lane. McWherter appeals.

<u>Failure to serve</u>

McWherter argues that his claim against Lane should not have been dismissed. Service, McWherter insists, is the U.S. Marshal's responsibility. McWherter also argues that a dismissal for failure to serve should be without, not with, prejudice.

A district court enjoys broad discretion in determining whether to dismiss an action for failure of service. <u>George v. United States Dep't of Labor, O.S.H.A.</u>, 788 F.2d 1115, 1116 (5th Cir. 1986). This court reviews such a dismissal for abuse of discretion. <u>Systems Signs Supplies v. United States Dep't of Justice</u>, 903 F.2d 1011, 1013 (5th Cir. 1990).

In the original complaint, which he filed in 1992, McWherter identified Lane as S. Lane, CO III, Wynne Unit, Hunstville, Texas 77349. The 1994 order directing the U.S. Marshal to serve the

2

defendants states that six of the seven defendants, including Lane, were located at the Wynne Unit. In July 1994, the summons for Lane was returned unexecuted, with the notation, "no longer employed, unable to locate." At the Spears hearing, the court stated that Lane had not been served and gave McWherter 45 days in which to have her served.

In his notice of appeal, McWherter stated that, after the Spears hearing, he merely waited for the marshals to serve Lane. He asserted that he rightfully expected them to serve her.

The Federal Rules of Civil Procedure state that the "plaintiff is responsible for service . . . ." Fed. R. Civ. P. 4(c)(1). Any adult who is not a party may effect service. Fed. R. Civ. P. 4(c)(2). For plaintiffs proceeding IFP, the court directs the marshal to effect service. Id.

"While . . . incarcerated plaintiffs proceeding in forma pauperis may rely on service by the U.S. Marshals, a plaintiff may not remain silent and do nothing to effectuate such service." Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987). "At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which a plaintiff has knowledge." Id.

The record does not show when McWherter first knew that there was a problem in serving Lane. But at the latest, he became aware at the Spears hearing that there was a problem. He then had 45 days in which to act. Knowing that there was a problem, he remained silent and did nothing to effectuate service. This he may

3

not do.  Id.  The dismissal was not an abuse of discretion.

The Federal Rules of Civil Procedure require a dismissal for failure to serve to be without prejudice.  Fed. R. Civ. P. 4(m). A Rule 4(m) dismissal may be ordered even when the "without prejudice" dismissal operates as a "with prejudice" dismissal because the applicable statute of limitations has run.  Norlock v. City of Garland, 768 F.2d 654, 658 (5th Cir. 1985).

McWherter filed his complaint in August 1992, alleging acts occurring from January to May 1992.  The dismissal with prejudice came in March 1995, when the two-year Texas statute of limitations would have barred a re-filed action.  See Tex. Civ. Prac. & Rem. Code §16.003(a) (West 1986).  In this situation, a dismissal with prejudice has the same effect on McWherter's claim against Lane as a dismissal without prejudice.  Any error in dismissing the case against Lane with prejudice is, therefore, harmless.

§ 1915(d)

McWherter argues that his claims of retaliation for his use of the grievance procedure are not frivolous because all of the defendants had personal involvement in the retaliation. Additionally, McWherter argues that the disciplinary hearing that one defendant conducted was constitutionally infirm.

An IFP plaintiff's claim that has no arguable basis in law or fact may be dismissed as frivolous.  28 U.S.C. § 1915(d); Eason v. Thaler, 14 F.3d 8, 9 (5th Cir. 1994).  Review is for abuse of discretion.  Eason, 14 F.3d at 9.

The gravamen of McWherter's complaint is that the defendants

4

retaliated against him for filing numerous grievances protesting acts of many prison officers but particularly female officers. Prisoners have the right to file grievances, McWherter claimed, and he wants all prisoners to be able to file grievances without hinderance.

"[A] prison official may not retaliate against or harass an inmate . . . for complaining to a supervisor about a guard's misconduct." Woods v. Smith, 60 F.3d 1161, 1164 (5th Cir. 1995). "An action motivated by retaliation for the exercise of a constitutionally protected right is actionable, even if the act, when taken for a different reason, might have been legitimate." Id. at 1165.

"To state a claim of retaliation an inmate must allege the violation of a specific constitutional right and be prepared to establish that but for the retaliatory motive the complained of incident . . . would not have occurred." Woods, 60 F.3d at 1166. "A plaintiff may not, however, plead merely conclusory allegations to successfully state a section 1983 claim, but must instead set forth specific facts which, if proven, would warrant the relief sought." Arnaud v. Odom, 870 F.2d 304, 307 (5th Cir. 1989), cert. denied, 493 U.S. 855 (1989). Once given an opportunity to plead his best case, even a pro se plaintiff must plead specific facts to support his conclusions. Jacquez v. Procunier, 801 F.2d 789, 793 (5th Cir. 1986).

We have reviewed McWherter's complaint, as fleshed out by his responses to the court's questionnaire and by the Spears hearing.

5

McWherter has merely speculated that retaliation motivated the cell transfer by Major Rogillio, the disciplinary hearing conducted by Captain Boyd, Warden Peterson's omission to intervene, Lt. Glenn's advising Boyd to give a harsh punishment, Sgt. Grissom's omission to investigate, and Director Collins's omission to intervene. All of these are conclusions that McWherter has failed to support.

Furthermore, the supervisory personnel -- Collins, Peterson, and Grissom -- may not be liable without their personal involvement or their implementation of a constitutionally deficient policy. Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987). McWherter's conclusional allegations do not meet that high standard.

Turning to McWherter's allegations regarding the disciplinary procedure, McWherter argues that his claim of an improper disciplinary procedure was not frivolous because the case was never investigated, he was never interviewed, he was deprived of good time without due process, and he was not provided a written statement of the facts upon which the disciplinary officer relied and of the reasons for the officer's conclusions. The disciplinary officer should have accepted written evidence against Lane, McWherter argues. He also says that a single disciplinary officer should not have conducted the hearing.

In a major disciplinary proceeding, unless a security risk would be created, prison officials must give an inmate 24 hours written notice of a hearing and of the charges against him, an opportunity to present evidence, and a written statement by the

6

fact finder.  Wolff v. McDonnell, 418 U.S. 539, 563-66 (1974). When the disciplinary sanctions include the loss of good-time credits, which McWherter alleged, these procedures are required. Wolff, 418 U.S. at 557, 560-61.

In his responses to the court's questionnaire, McWherter stated that he had notice, an opportunity to present evidence, and a copy of factual findings.  Though these responses show that the Wolff requirements were met, McWherter argues that the findings of fact that he received were inadequate and that he should have had a hearing before more than one officer.

McWherter argues that the factual findings were inadequate because they merely stated, "Masturbating and did not stop masturbating when ordered to."  Wolff did not prescribe a level of detail for the written findings.  It explained that the statement should allow for review, should preclude a misunderstanding, and should ensure that officials acted fairly.  Wolff, 418 U.S. at 565. As McWherter alleged, the findings comport with the charges. McWherter has not explained how the simple statement failed to satisfy the reasons that Wolff gave for requiring the statement.

A disciplinary committee composed of three prison officers was at issue in Wolff.  Wolff, 418 U.S. at 540.  The Supreme Court delineated the requirements for a major disciplinary proceeding in the context of that case.  Id. at 563-68.  The Supreme Court, however, did not require prison officials to provide a hearing before more than one officer.  Id.  In an unpublished opinion, this court has held, "[T]here is no requirement that there be more than

7

one hearing officer" in a prison disciplinary proceeding.  Hicks v. Lynaugh, No. 94-20871, slip op. at 3 (5th Cir. May 24, 1995) (unpublished).

Outside of the foregoing procedural requirements, a federal court's review of a state prison disciplinary proceeding does not go beyond determining if it was arbitrary and capricious.  Stewart v. Thigpen, 730 F.2d 1002, 1005-06 (5th Cir. 1984).  When a disciplinary board's factual findings are challenged, a federal court's review is limited to determining whether the findings are supported by any evidence at all.  Id.

Though McWherter disputes Lane's account of events, McWherter's allegations reveal that Lane made the charges and that Boyd believed her.  The procedural requirements were met.  Lane's charges are some evidence.  This court's review is at an end.  The dismissal for frivolousness was not an abuse of discretion.

Sanction warning

McWherter said at the Spears hearing that he had another suit pending at that time.  The instant complaint and appeal lack merit.  McWherter is hereby warned that frivolous litigation in the future will result in sanctions.  See, e.g., Smith v. McCleod, 946 F.2d 417, 418 (5th Cir. 1991); Jackson v. Carpenter, 921 F.2d 68, 69 (5th Cir. 1991).

AFFIRMED.