**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 96-40049

(Summary Calendar)
_____

JUAN JORGE SANCHEZ,

Plaintiff-Appellant,

versus

ORLANDO PEREZ, ET AL,

Defendants,

DAVID STOCKLEY; SAUL CRUZ; MARTHA VILLAREAL

Defendants-Appellees.

_____

Appeal from the United States District Court
For the Southern District of Texas
(C-94-CV-180)
_____

August 30, 1996

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Plaintiff Juan Jorge Sanchez, a prisoner with the Texas

Department of Corrections, appeals from the district court's

_____

[*] Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

dismissal of his 42 U.S.C. § 1983 suit.  We affirm in part, reverse in part, and remand for further proceedings.

I

Sanchez filed a complaint under 42 U.S.C. § 1983 against Orlando Perez, Assistant Warden at the McConnell Unit; Patrick Marion, the Captain in charge of disciplinary hearings; and Correctional Officers Saul Cruz, David Stockley, and Martha Villareal.  The suit grew out of an altercation between Sanchez and Officer Villareal.  According to Sanchez, after he was handcuffed and subdued, Officers Cruz and Stockley "body-slammed" Sanchez on the floor and kept him there for fifteen to twenty minutes.[2]  After the incident, Officer Villareal filed a disciplinary charge against Sanchez, alleging that Sanchez had threatened a correctional officer with bodily harm.  Captain Marion conducted a hearing and found Sanchez guilty of the charge.  Sanchez was restricted to his cell for fifteen days, lost his commissary privileges for forty-five days, and lost thirty days of good-time credits.

Sanchez then filed this § 1983 suit, alleging that Officers Cruz, Stockley, and Villareal had used excessive force in subduing him, that Captain Marion had failed to conduct a hearing which comported with the requirements of due process, and that Assistant Warden Perez had failed to adequately train and discipline his staff, which resulted in both the use of excessive force and the

_____

[2]     In Officer Cruz's affidavit, he referred to the incident as a "major use of force."

-2-

denial of Sanchez's due process rights. Sanchez sought both equitable and monetary relief. The district court referred Sanchez's complaint to a magistrate judge. The magistrate judge granted Sanchez's motion to proceed *in forma pauperis*, and ordered the U.S. Marshals Service to serve copies of the complaint on all five defendants at the McConnell Unit. Only Assistant Warden Perez and Captain Marion received service of process.[3] Perez and Marion filed an answer in the district court asserting qualified immunity, and a motion for summary judgment complete with supporting affidavits. The district court dismissed as frivolous Sanchez's claims against Assistant Warden Perez and Captain Marion. Finding that the other three defendants had not been served, the district court gave Sanchez twenty days to provide accurate addresses for those defendants or his claims against them would be dismissed. Sanchez filed objections to the judgment and a request for extension of time with the magistrate. The magistrate judge reviewed these objections and made a recommendation that Sanchez's claims be dismissed. Again Sanchez filed objections. The district court adopted the findings of the magistrate judge, and dismissed Sanchez's suit against the other defendants for failure to timely serve process. Sanchez now appeals.

---

[3] The Marshals Service mailed the complaint and summons to each defendant at their last known place of employment, the McConnell Unit of the Texas Department of Corrections. Service for Cruz, Stockley, and Villareal were marked "returned to sender, attempted-not known," and returned to the Marshals Service. Sanchez alleges that he was never informed of any defect in the service of process.

-3-

We review a district court's decision to dismiss for failure to serve process for abuse of discretion. *Traina v. United States*, 911 F.2d 1155, 1157 (5th Cir. 1990). Dismissals for failure to timely serve process are governed by FED. R. CIV. P. 4(m), and *pro se* litigants are not excused from its requirements. *Espinoza v. United States*, 52 F.3d 838, 840 (10th Cir. 1995). Rule 4(m) provides that service must be made within 120 days of the filing of the complaint, and dismissals must be without prejudice. A district court may order a dismissal under Rule 4(m) even where it will operate as "with prejudice" because the statute of limitations has run. *Norlock v. City of Garland*, 768 F.2d 654, 658 (5th Cir. 1985). However, the rule provides that if a plaintiff shows "good cause" for failure to serve process within the specified time, "the court shall extend the time for service for an appropriate period." FED. R. CIV. P. 4(m).[4]

After carefully reviewing the record, we hold that the district court abused its discretion in dismissing Sanchez's claims against Officers Cruz, Stockley, and Villareal for failure to timely serve process. In this case, the magistrate judge ordered the Marshals Service to effectuate service of process. As we have previously held, "a plaintiff proceeding *in forma pauperis* is

---

[4] Good cause requires a plaintiff to show "some reasonable basis for noncompliance within the time specified." *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (internal quotation marks omitted).

entitled to rely upon service by the U.S. Marshals and should not be penalized for failure of the Marshals Service to properly effect service of process, where such failure is through no fault of the litigant." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987); *see also Sellers v. United States*, 902 F.2d 598, 602 (7th Cir. 1990) (holding that "indigent prisoner representing himself is entitled to rely on the Marshal to achieve service of process"). Here, the failure to effectuate service of process was through no fault of Sanchez. Sanchez provided the Marshals Service with the last known work address of Cruz, Stockley, and Villareal. The Marshals Service never informed Sanchez that there had been a problem serving those defendants.[5] In addition, once the district court had threatened to dismiss Sanchez action for failure to timely serve process, Sanchez attempted, in several ways, to obtain the new addresses of these Corrections Officers.[6] On these particular facts, we hold that the district court abused its

---

[5]   We further note that months after the Marshals Service had failed to serve Cruz, Stockley, and Villareal at the McConnell Unit, defendants Perez and Marion filed a FED. R. CIV. P. 26 "Disclosure to Plaintiff," giving the names and addresses of "each individual likely to have discoverable information" relevant to the case. In this disclosure, which Rule 26 requires to be accurate to the best of the litigants' knowledge, Assistant Warden Perez and Captain Marion continued to list the McConnell Unit as the proper address of Cruz, Stockley, and Villareal. It is unclear from the record why this disclosure did not reflect the fact that Cruz, Stockley, and Villareal had left the McConnell Unit.

[6]   Sanchez apparently could get no response from the Texas Department of Corrections on the current whereabouts of Cruz, Stockley, and Villareal. As the Seventh Circuit has noted, the reluctance to disclose prison guards' addresses is not surprising because "prisoners aggrieved by guards' conduct may resort to extra-legal weapons after release if they do not deem the results of the litigation satisfactory." *Sellers v. United States*, 902 F.2d 598, 602 (7th Cir. 1990).

discretion in dismissing Sanchez's claims against Officers Cruz, Stockley, and Villareal for failure to timely serve process.[7]

### III

For the foregoing reasons, we AFFIRM the district court's order dismissing as frivolous Sanchez's claims against defendants Perez and Marion.  We REVERSE the district court's order dismissing Sanchez's claims against Cruz, Stockley, and Villareal, for failure to timely serve process and REMAND for further proceedings.

---

[7]  We affirm the dismissal of Sanchez's claims against Assistant Warden Perez and Captain Marion, for essentially the reasons stated in the district court's Order Dismissing Claims, dated August 24, 1995.  Sanchez has simply failed to allege any legal theory upon which he could recover against Perez or Marion, and therefore his suit as to these two defendants is frivolous under 28 U.S.C. § 1915(d).  *See Booker v. Koonce*, 2 F.3d 114, (5th Cir. 1993) (noting that under § 1915(d), claims are frivolous if based upon meritless legal theory).