IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 15, 2007**

Charles R. Fulbruge III
Clerk

No. 06-20796
Summary Calendar

JOSE A GOMEZ

Plaintiff-Appellant

v.

LSI INTEGRATED LP, doing business as Graphic Solutions Plus an Ohio
Corporation

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
No. 4:05-CV-2222

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

After Jose Gomez was denied a promotion, he sued his employer, LSI
Integrated L.P., alleging age, national origin, and religious discrimination

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

pursuant to Title VII,[1] the Age Discrimination in Employment Act (ADEA),[2] and 42 U.S.C. § 1981. The district court granted LSI's motion for summary judgment on all of the plaintiff's discrimination claims. The district court also concluded that Gomez's retaliation claims, which were raised for the first time in response to the defendant's summary judgment motion, were not properly before the court and, in any event, meritless.

The district court's judgment, which we review de novo,[3] is affirmed for the following reasons:

1.      To establish a prima facie case of discrimination in a failure to promote case, Gomez must show that he was qualified for the position he sought.[4] According to LSI's neutral promotion policy, a position applied for must be the next level in the applicant's job progression or the applicant must be "otherwise qualified." Under the promotion policy, an applicant is "otherwise qualified" if he "worked previously in the applied for job progression at a qualifying grade." At the time Gomez applied for the promotion at issue, Gomez was employed as a grade 5 machine operator. The promotion Gomez sought was a grade 15 team leader position, which was not the next level in his job progression. Moreover, there was no evidence that Gomez was otherwise qualified.

2.      Gomez alleges that a former supervisor's comments in 2001 are direct evidence of age and religious discrimination. However, that supervisor was terminated shortly after those comments were allegedly made, he was not

---

[1] 42 U.S.C. §§ 2000e to 2000e-17.

[2] 29 U.S.C. §§ 621-34.

[3] City of Shoreacres v. Waterworth, 420 F.3d 440, 445 (5th Cir. 2005).

[4] Blow v. City of San Antonio, 236 F.3d 293, 296 (5th Cir. 2001).

employed by LSI at the time the promotion decision was made, and there is no allegation that he either participated in the decision to deny Gomez the promotion or otherwise influenced the decisionmakers. The comments are too remote in time to the 2004 employment decision to be considered direct evidence of age or religious discrimination.[5]

3.    Gomez did not assert a § 1981 retaliation claim in his original complaint before the district court and neither amended nor sought leave to amend his complaint to add a charge of retaliation. As a result, the district court correctly determined that the retaliation claim was not properly before the court, and such claim is beyond the scope of this appeal.[6] Gomez has not appealed the district court's disposition of his similarly unpled Title VII and ADEA retaliation claims.

AFFIRMED.

---

[5] See Auguster v. Vermilion Parish Sch. Bd., 249 F.3d 400, 405 (5th Cir. 2001) (finding a comment made "nearly a year" before the challenged employment decision too remote); Brown v. CSC Logic, 82 F.3d 651, 655-56 (5th Cir. 1996) (finding a supervisor's comments, including one comment made 16 months before the employment decision at issue, to be too "vague, indirect, and remote in time" to support a finding of discrimination).

[6] See FED. R. CIV. P. 3 ("A civil action is commenced by the filing of a complaint with the court."); FED. R. CIV. P. 15 (governing amended and supplemental pleadings); see also Roeder v. Am. Postal Workers Union, AFL-CIO, 180 F.3d 733, 737 n.4 (6th Cir. 1999) (refusing to consider on appeal unpled claim that was raised for the first time in response to a motion for summary judgment); Wilson v. First Houston Inv. Corp., 566 F.2d 1235, 1243 (5th Cir. 1978) (finding claims not raised in the complaint beyond the scope of the appeal), judgment vacated on other grounds, 444 U.S. 959 (1979).