# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 2, 2008

Charles R. Fulbruge III
Clerk

No. 06-20658

MARK NEWBY; ET AL

Plaintiffs

v.

ENRON CORPORATION; ET AL

Defendants

---------------------------------------------------------------------------------------

LILA WARD, Individually and on Behalf of All Others Similarly Situated;
THE HENRY GROUP, Lead Plaintiff

Plaintiffs-Appellants

v.

STANLEY C HORTON; DANA R GIBBS; LAWRENCE CLAYTON, JR;
KENNETH L LAY; ARTHUR ANDERSEN LLP

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CV-484

1

Before SMITH and PRADO, Circuit Judges, and LUDLUM, District Judge.[*]

PER CURIAM:[**]

In this case, we review the district court's dismissal without prejudice of the Plaintiffs-Appellants' claims for failure to timely effect service of process, as required by Federal Rule of Civil Procedure 4(m). For the following reasons, we AFFIRM the district court's ruling.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On February 11, 2003, Lila Ward filed a shareholders' class action suit ("the Ward case") against Stanley Horton, Dana Gibbs, Lawrence Clayton, Jr., Kenneth Lay, and Arthur Andersen, L.L.P. ("Defendants-Appellees"), alleging violations of the Private Securities Litigation Reform Act ("PSLRA"). Horton, Gibbs, Clayton, and Lay were sued in their capacity as officers and directors of EOTT Energy Partners, L.P. ("EOTT"), which was the sole general partner to EOTT Energy Corporation ("EOTT Energy"), an indirect wholly-owned subsidiary of Enron Corporation ("Enron"). According to the complaint, these officers and directors caused EOTT to engage in fraudulent practices by making material misrepresentations and omissions about EOTT's earnings. Defendant-Appellee Arthur Andersen, L.L.P., which provided auditing services for both Enron and EOTT, allegedly violated its professional duty of care to EOTT shareholders. The class of plaintiffs consisted of all persons and entities who purchased common stock units of EOTT between July 2, 2001 and January 22, 2002.

---

[*]District Judge of the Western District of Texas, sitting by designation.

[**]Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

On February 13, 2003, the Ward case was consolidated with Newby v. Enron Corp., 4:01-CV-3624, the case designated as the lead case for litigation involving certain Enron-related persons and entities. The Ward case was immediately stayed because of prior bankruptcy filings by EOTT and EOTT Energy and because of a stay of discovery in effect under 15 U.S.C. § 78u-4(b)(3)(B), a provision of the PSLRA. The bankruptcy stay was eventually lifted, and in April 2003, the district court lifted the PSLRA's automatic stay. However, on July 11, 2003, the district court imposed another stay, which allowed for continued discovery but prevented the filing of any amended or responsive pleadings until a determination regarding the Newby class certification was made.[1]

On February 17, 2005, Sam Henry, Ted Zigan, Melvin Schulz, and Elsie Schulz ("Henry Group") were appointed by the district court as lead plaintiffs in the Ward case. In addition, Cauley Bowman Carney & Williams P.L.L.C. was appointed as lead plaintiffs' counsel. Newly appointed lead counsel attempted to contact counsel for EOTT and the Defendants-Appellees to coordinate discovery and the filing of an amended complaint. In response, Mr. Cotham, counsel for Defendants-Appellees Lawrence Clayton, Jr. and Dana Gibbs, notified lead plaintiffs' counsel on August 16, 2005 that Clayton and Gibbs were never served in the Ward case. Mr. Cotham requested that his clients be dismissed for insufficiency of process and because the statute of limitations had already expired.

Upon further investigation, lead plaintiffs' counsel determined that none of the defendants in the Ward case had been served. On December 20, 2005,

---

[1]The *Newby* class was not certified until July 5, 2006, after dismissal of the *Ward* case.

over 120 days after being notified by Mr. Cotham, the Henry Group filed a motion in the district court, seeking an additional sixty days to effect service, pursuant to Federal Rule of Civil Procedure 4(m). The Defendants-Appellees objected to the motion on grounds that after the expiration of 1,053 days from the filing of the complaint, the Henry Group had made no attempt to serve them. They also filed a cross motion to dismiss under Federal Rule of Civil Procedure 12(b)(5) and 4(m) for failure to timely perfect service.

Defendant-Appellee Horton additionally asserted that he had already been dismissed as a party from the Ward case. On December 9, 2004, Regents of the University of California, the party designated as lead plaintiff for the consolidated Newby action, conferred with Stanley Horton and several other parties not named in the Ward case. They all filed an agreed motion for voluntary dismissal, which the district court granted a day later. Horton argued that this dismissal released him from all pending consolidated cases, including the Ward case.

The district court entered an order on May 15, 2006, denying the motion for additional time to perfect service, stating only that after considering the motion, responses, and the cross motion to dismiss, the motion was without merit. In addition, without specifically referencing or granting the motion to dismiss, the district court ordered the dismissal of all claims against the Defendants-Appellees, without prejudice, for failure to timely effect service as required by Rule 4(m). The district court also denied the Henry Group's motion for reconsideration, filed on May 25, 2006. In the order denying reconsideration, the district court found that the Henry Group failed to show good cause why they had failed to serve the Defendants-Appellees for 1,053 days.

The Henry Group, as lead plaintiffs, filed a timely notice of appeal,

4

asserting that the district court abused its discretion in not allowing additional time to effect service. In addition, Defendant-Appellee Horton filed a motion to dismiss him from the appeal, reasserting his argument that he was previously dismissed from the Ward case on December 10, 2004, and asking that he be released as a party to the appeal.

## II. DISCUSSION

We review a district court's dismissal under Rule 4(m) for abuse of discretion. Traina v. United States, 911 F.2d 1155, 1157 (5th Cir. 1990). Under Rule 4(m), a district court is permitted to dismiss a case without prejudice if a defendant has not been served within 120 days after a complaint is filed. Thompson v. Brown, 91 F.3d 20, 21 (5th Cir. 1996). However, if a plaintiff can establish good cause for failing to serve a defendant, the court must allow additional time for service. Id. Morever, even if good cause is lacking, the court has discretionary power to extend time for service. Id. Such relief may be warranted, "for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." Fed. R. Civ. P. 4(m) advisory committee's note (1993).

To establish good cause, a plaintiff has the burden of demonstrating "at least as much as would be required to show excusable neglect . . . ." Winters v. Teledyne Movible Offshore, Inc., 776 F.2d 1304, 1306 (5th Cir. 1985). "[S]imple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice . . . ." Id. In addition, "some showing of 'good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified' is normally required." Id. (quoting Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1165 (1969)). It is

"irrelevant that the defendant not served within the 120-day period later finds out about the suit or is in fact later served, so long as there was not good cause for the failure to serve within the 120 days." Id. at 1305-06.

According to the Plaintiffs-Appellants, good cause was established solely by the fact that they would be time-barred in refiling the action because the statute of limitations has run. However, they also contend that an amalgamation of other factors—including confusion over the bankruptcy stay and the PSLRA discovery stay, lack of knowledge as to any defects in service, and the prolonged length of time before the district court appointed lead plaintiffs and counsel—also constitute good cause. Alternatively, Plaintiffs-Appellants argue that even if good cause does not exist, the district court abused its discretion by not considering these factors and allowing additional time under the discretionary provisions of Rule 4(m). Further, they argue that the court's cursory dismissal order failed to indicate that it ever considered its discretionary powers under Rule 4(m).

We find that the district court did not abuse its discretion in determining that the Plaintiffs-Appellants' reasons for failing to timely serve the Defendants-Appellees did not constitute good cause. Plaintiffs-Appellants have not demonstrated any good-faith effort in attempting service and have proffered no reasonable basis for failing to serve Defendants-Appellees within 120 days of filing the original complaint. None of the stays affected the ability to effect service of process. The reasons cited by Plaintiffs-Appellants, therefore, relate to inadvertence, mistake of counsel, and unfamiliarity with rules, all matters that fall short of the excusable neglect threshold, especially considering the length of delay in effecting service and the continued delay after learning of defects in service.

In addition, we have rejected the argument that dismissal is unwarranted when the statute of limitations period has run. Redding v. Essex Crane Rental Corp. of Ala., 752 F.2d 1077, 1078 (5th Cir. 1985). "It is not our function to create exceptions to the rule for cases in which dismissal without prejudice may work prejudice in fact . . . ." Norlock v. City of Garland, 768 F.2d 654, 658 (5th Cir. 1985); see also McDonald v. United States, 898 F.2d 466, 468 (5th. Cir. 1990) ("[D]ismissal is not unwarranted simply because the limitations period has run."); Traina v. United States, 911 F.2d 1155, 1157 (5th Cir. 1990) ("It is well settled that inability to refile a suit does not bar dismissal . . . . ).[2]

We also find that the district court did not err by disallowing additional time for service under the discretionary provision of Rule 4(m). Although the advisory guidelines to Rule 4(m) suggest that the bar to refiling the Ward case might justify relief, the power nonetheless remains discretionary.[3] The record

---

[2]Norlock, McDonald, and Traina addressed dismissals under Rule 4(j), the predecessor to Rule 4(m). Under Rule 4(j), dismissals where service was not effected within 120 days were mandatory absent a showing of good cause, leaving the district court with no discretionary powers to allow additional time for service for other reasons. Changes reflected in Rule 4(m), however, did not affect any provisions relating to good cause or prejudice, and these cases, therefore, continue to apply in Rule 4(m) dismissals. See Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1307 n.11 (3d Cir. 1995) (holding that Rule 4(m) did not impact prior decisions under Rule 4(j) that articulated the standard for good cause); Sanchez v. Perez, No. 96-40049, 1996 WL 512289, at *2 (5th Cir. Aug. 30, 1996) (citing Norlock, 768 F.2d at 658 in holding that "[a] district court may order a dismissal under Rule 4(m) even where it will operate as 'with prejudice' because the statute of limitations has run."); McWherter v. Collins, No. 95-20347, 1995 WL 725358, at *2 (5th Cir. Oct. 20, 1995) ("A Rule 4(m) dismissal may be ordered even when the 'without prejudice' dismissal operates as a 'with prejudice' dismissal because the applicable statute of limitations has run."); Sefati v. M.D. Anderson Hosp., No. 94-20737, 1995 WL 449727, at *1 (holding that the proper time to consider the practical effect of a dismissal with prejudice is under the broad discretion afforded a district court under Rule 4(m)).

[3]Plaintiffs-Appellants argue that because the running of the statute of limitations prevents refiling, the dismissal, despite being without prejudice, was effectively one with

indicates that not only did Plaintiffs-Appellants fail to serve Defendants-Appellees for a period of over 1,000 days, they also waited an additional 126 days after receiving direct notice from certain Defendants-Appellees of defects in service before seeking leave from the court for additional time. This additional delay alone exceeded the 120-day time limit of Rule 4(m). Based on the extent of the delay, we refuse to find an abuse of discretion by the district court.

Morever, "[t]he absence of a discussion of the district court's discretionary powers in the court's order does not demonstrate that the court misapplied [R]ule 4(m)." Thompson, 91 F.3d at 21. A review of the record indicates that the district court was fully briefed on all issues and was aware of its discretionary powers under Rule 4(m), along with reasons why such relief might be granted. Therefore, although the district court's orders were brief, there is no indication that it failed to consider its discretionary powers.

## III. CONCLUSION

The district court did not err by rejecting as good cause the Plaintiffs-Appellants' reasons for failing to serve the Defendants-Appellees within 120 days. Further, based on the severe delay in effecting service, the district court

---

prejudice, running afoul to the provisions of Rule 4(m). Because of this, they argue that the court first should have addressed certain factors dictated in cases reviewing dismissals for failure to prosecute under Rule 41(b). Under Rule 41(b), a court may dismiss claims for failure to prosecute with or without prejudice, but effective dismissals with prejudice where the running of the statute of limitations prevents refiling will be treated as involuntary dismissals and affirmed only upon a showing of "a clear record of delay or contumacious conduct by the plaintiff, and where lesser sanctions would not serve the best interests of justice." Sealed Appellant v. Sealed Appellee, 452 F.3d 415, 417 (5th Cir. 2006) (footnote and quotation omitted); see also Veazey v. Young's Yacht Sale & Serv., Inc., 644 F.2d 475, 477 (5th Cir. 1981); Boazman v. Econ. Lab., Inc., 537 F.2d 210, 213 (5th Cir. 1976). The district court, however, dismissed the Ward case based solely on the provisions of Rule 4(m) and not Rule 41(b). As such, cases discussing dismissals under Rule 41(b) are inapplicable here.

did not abuse its discretion by refusing to grant additional time to effect service under the discretionary powers of Rule 4(m), even considering that the running of the statute of limitations would prevent refiling. Because of our holding, it is unnecessary to reach the merits of Defendant-Appellee Horton's motion to dismiss him from the appeal.

AFFIRMED.