# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-31074
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 28, 2018

Lyle W. Cayce
Clerk

MARJAN RROKU,

      Plaintiff - Appellant

v.

DAVID C. COLE; HENRY WOODS; JOHN HARTNETT, Assistant Field
Officer Director on behalf of Immigration & Customs Enforcement,

      Defendants - Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:15-CV-294

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

Marjan Rroku appeals the district court's (1) dismissal of his *Bivens* claims against John Hartnett, Immigration and Customs Enforcement ("ICE") Assistant Field Officer Director, and David Cole, LaSalle Detention Facility Warden, for failure to state a claim, and (2) dismissal of his complaint against

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-31074

Dr. Henry Woods[1] for failure to timely serve under Federal Rule of Civil Procedure 4(m). For the reasons explained below, we AFFIRM.

## I. Background

Marjan Rroku is an Albanian citizen currently incarcerated in Albania. While in the United States, Rroku alleges that he was apprehended for an immigration violation and eventually detained for 513 days at LaSalle Detention Facility in Louisiana, an ICE immigration detention facility operated by a private corporation, GEO Group. Following his time at LaSalle, Rroku was deported to Albania.

Rroku alleges that, while at LaSalle, he was placed in administrative segregation and subjected to "harsh and dangerous conditions," including cold, noise, dirt, and nonstop light. He further alleges that, due to the conditions, and improper medical care, he has a "lifethreatening [sic] and irreversible heart condition" that he will have "for the rest of [his] life." Additionally, Rroku alleges that the special diet he was put on while at LaSalle, consisting of all liquid food, resulted in irreparable stomach damage.

On February 11, 2015, Rroku filed a complaint against Hartnett, Cole, and Dr. Woods stating claims under *Bivens*[2] and attaching, inter alia, personal statements and medical records from his time at LaSalle. The magistrate judge issued a memorandum order stating that the complaint was deficient and gave Rroku thirty days to file properly and included a form to file a complaint under 42 U.S.C. § 1983. Rroku subsequently filed an amended

---

[1] Although the record on appeal indicates that Dr. Woods's actual name is Dr. Wood, that discrepancy is not critical to our analysis. Thus, for the sake of consistency with the lower court and the case caption, we refer to him as Dr. Woods.

[2] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

No. 16-31074

complaint under § 1983.[3]  The district court determined that the three initial summonses issued against the defendants were returned unexecuted.  Rroku then properly served Cole and Hartnett, but the summons was returned unexecuted as to Dr. Woods.  Cole served an answer stating, inter alia, that the complaint failed to state a claim upon which relief could be granted, and Hartnett filed a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  Rroku responded to each of these.  The magistrate judge issued a report and recommendation (1) dismissing Rroku's complaint against Dr. Woods for failure to serve under Federal Rule of Civil Procedure 4(m), (2) granting Hartnett's motion to dismiss, and (3) *sua sponte* dismissing Rroku's claims against Cole because he cannot be sued under *Bivens*.  Rroku objected to the granting of Hartnett's motion to dismiss and the dismissal of his claims against Cole.  The district court then adopted the report and recommendation.  Rroku timely appealed.

## II.  Standard of Review

A district court's dismissal under Rule 12(b)(6) for failure to state a claim is reviewed de novo.  *Sw. Bell Tel., LP v. City of Houston*, 529 F.3d 257, 260 (5th Cir. 2008).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (internal quotations omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting

---

[3] As no defendant is a state actor, the § 1983 claim is construed as a *Bivens* claim.  *See Izen v. Catalina*, 398 F.3d 363, 367 n.3 (5th Cir. 2005) ("[W]e have held that the constitutional torts authorized by each [of *Bivens* and § 1983] are coextensive. . . . Thus, we do not distinguish [] between *Bivens* claims and § 1983 claims." (internal citations omitted)).

3

*Iqbal*, 556 U.S. at 678). We review the complaint in a light most favorable to the plaintiff. *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 n.8 (5th Cir. 2000).

Normally, "[w]e review a district court's dismissal under Rule 4(m) for abuse of discretion." *Newby v. Enron Corp.*, 284 F. App'x 146, 149 (5th Cir. 2008) (per curiam) (citing *Traina v. United States*, 911 F.2d 1155, 1157 (5th Cir. 1990)). However, Rroku did not object to Woods's dismissal under 4(m) in the report and recommendation. Failure to object to a report and recommendation within 14 days of service "bar[s] that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object." *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc) (footnotes omitted), *superseded on other grounds by* 28 U.S.C. § 636(b)(1). Rroku received such notice here. Therefore, we review the dismissal under 4(m) for plain error.

### III. Discussion

#### A. Hartnett

Rroku first argues that the district court erred in granting Hartnett's motion to dismiss under Rule 12(b)(6). A *Bivens* claim provides an implied damages remedy "to compensate persons injured by federal officers" even absent statutory authorization. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854 (2017). Hartnett is undisputedly a federal officer. However, the magistrate judge determined that Rroku sought to hold Hartnett liable as a supervisor, and because there is no respondeat superior liability in a *Bivens* suit, Rroku had not plead sufficient facts for a *Bivens* claim against Hartnett.

Hartnett was the ICE Field Director at the ICE-owned (but GEO Group operated) LaSalle Detention Facility. That fact, alone, is not enough to hold

Hartnett liable for Rroku's harm because, as the magistrate judge correctly stated, supervisor liability under respondeat superior is not available in a *Bivens* suit. *Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir. 1998). Thus, Hartnett can only be subject to a potential *Bivens* suit if: (1) he was personally involved "in the acts causing the deprivation of [Rroku's] constitutional rights," or (2) "if he implement[ed] a policy so deficient that the policy itself acts as a deprivation of constitutional rights." *Id.*

With respect to personal involvement, Rroku never explicitly named Hartnett as an actor in his amended complaint. Thus, the amended complaint does not implicate Hartnett as personally participating in causing Rroku's harm apart from his supervisory role. To the extent that Rroku contends that Hartnett was involved in any of the alleged conduct against him, his contentions are "'naked assertion[s]' devoid of 'further factual enhancement,'" which are not sufficient to overcome a 12(b)(6) motion. *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

With respect to implementing a policy, Rroku has not identified an ICE policy implemented by Hartnett at LaSalle which deprived the detainees, like Rroku, of constitutional rights. Thus, Rroku has alleged neither a plausible deficient policy nor personal involvement by Hartnett beyond his role as supervisor so as to overcome a 12(b)(6) motion.

**B. Cole**

Rroku next argues that the district court erred in dismissing his claims against Cole for failure to state a claim. In reviewing the claims against Cole, the magistrate judge cited to *Minneci v. Pollard*, 565 U.S. 118 (2012), for the proposition that:

> Where a federal prisoner seeks damages from privately-employed personnel working at a privately-operated federal prison, and where the conduct

> allegedly amounts to a violation of the Eighth Amendment and is of a kind that typically falls within the scope of traditional state tort law . . . , the prisoner must seek a remedy under state tort law. Courts cannot imply a *Bivens* remedy in such a case.

Because Rroku's claims that his conditions of confinement and lack of medical care fell under traditional Louisiana state tort law, the magistrate judge dismissed the claims against Cole.

Rroku concedes that Cole is employed by GEO Group, the private corporation which operates LaSalle, and thus is not a "federal officer" for the purposes of a *Bivens* claim. *See Abbasi*, 137 S. Ct. at 1854. Nonetheless, he contends that a *Bivens* claim should extend to Cole because Cole works with the federal ICE officials, according to ICE guidelines, and with federal prisoners.

The first question in analyzing a claim that a federal right was violated is whether that claimed right is a protectable interest. Rroku first alleges that his continued placement in administrative segregation, rather than the general population, violated his constitutional rights. In fact, "'absent extraordinary circumstances,' administrative segregation that is merely 'incident to the ordinary life as a prisoner' is not grounds for a constitutional claim, because it simply 'does not constitute a deprivation of a constitutionally cognizable liberty interest.'" *Wilkerson v. Goodwin*, 774 F.3d 845, 853 (5th Cir. 2014) (quoting *Pichardo v. Kinker,* 73 F.3d 612, 612–13 (5th Cir. 1996)). The restriction must be an "'atypical and significant hardship . . . in relation to the ordinary incidents of prison life,' such that a liberty interest in avoiding the deprivation arises." *Id.* (alteration in original) (quoting *Wilkinson v. Austin*, 545 U.S. 209, 213 (2005)). Here, Rroku separates his "unlawful segregation" claim from his inadequate conditions of confinement claim. "[A]dministrative segregation, without more, does not constitute a deprivation

6

of a constitutionally cognizable liberty interest." *Luken v. Scott,* 71 F.3d 192, 193 (5th Cir. 1995) (per curiam). Because Rroku's unlawful segregation based upon being placed in administrative segregation rather than the general population does not include anything "more," it is not a protectable liberty interest such that a *Bivens* remedy could conceivably apply.

Rroku next alleges that his conditions of confinement while in administrative segregation were inadequate. We have said in a situation involving an inmate who was segregated from the general population, "[i]n deciding whether . . . an inmate's conditions of confinement implicate a cognizable liberty interest, [the Supreme Court has] considered the nature of the more-restrictive confinement *and* its duration in relation to prison norms and to the terms of the individual's sentence." *Wilkerson*, 774 F.3d at 853 (5th Cir. 2014) (quoting *Harden–Bey v. Rutter,* 524 F.3d 789, 792 (6th Cir. 2008)). Here, Rroku, who claims he should have been held in the general population, was held in administrative segregation for his entire time at LaSalle and has identified conditions of confinement that may have been undesirable. However, he has not provided evidence of detention norms with respect to the general population of detainees to which his conditions of confinement can be compared. In other words, how did his administrative segregation conditions compare to the general population where he claims he should have been housed? Without that information, we cannot say that Rroku had a cognizable liberty interest with respect to his conditions of confinement so there could be no remedy under *Bivens*.

Rroku's third claim is for neglect in medical care. [4] The first step in considering a *Bivens* claim is if the claim represents a new context. *Butts v.*

---

[4] In his deficient complaint and appellate briefing, Rroku also states a claim for lack of access to courts due to an inability to access the law library while in administrative segregation, harming him in then-ongoing immigration court proceedings. However, because

*Martin*, 877 F.3d 571, 587 (5th Cir. 2017). A *Bivens* remedy has only previously been extended to three scenarios: (1) the Fourth Amendment prohibition against unreasonable searches and seizures, (2) the Fifth Amendment Due Process Clause for gender discrimination, and (3) the Eighth Amendment Cruel and Unusual Punishments Clause for failure to provide adequate medical treatment. *Abbasi*, 137 S. Ct. at 1854–55. The Court has consistently declined to extend *Bivens* claims to other factual scenarios. *Id.* at 1857.

"We consider a person detained for deportation to be the equivalent of a pretrial detainee; a pretrial detainee's constitutional claims are considered under the due process clause instead of the Eighth Amendment." *Edwards v. Johnson*, 209 F.3d 772, 778 (5th Cir. 2000). Thus, because, Rroku was detained prior to his being deported, his constitutional claim implicates the Fifth Amendment instead of the Eighth Amendment.[5]  *See id.*; *see also Doe v. Robertson*, 751 F.3d 383, 387 (5th Cir. 2014).

Arguably, this case presents a similar situation to *Pollard*, where the Court refused to extend a *Bivens* remedy to a federal prisoner claiming a violation of his Eighth Amendment rights while confined in a privately operated federal prison. *Pollard*, 565 U.S. at 120. The Court reasoned that an "Eighth Amendment claim focuses upon a kind of conduct that typically falls within the scope of traditional state tort law. And in the case of a privately employed defendant, state tort law provides an 'alternative, existing process' capable of protecting the constitutional interests at stake." *Id.* at 125 (quoting

---

this issue does not appear in the amended complaint, we do not review its propriety. *See Gomez v. LSI Integrated LP*, 246 F. App'x 852, 854 & n.6 (5th Cir. 2007) (per curiam) ("[C]laims not raised in the complaint [are] beyond the scope of the appeal." (citing *Wilson v. First Hous. Inv. Corp.*, 566 F.2d 1235, 1243 (5th Cir. 1978), *vacated on other grounds,* 444 U.S. 959 (1979))).

[5] "A prison that deprives prisoners of basic sustenance, including adequate medical care, is incompatible with the concept of human dignity" and constitutes a violation of federal constitutional rights. *Brown v. Plata*, 563 U.S. 493, 511 (2011).

*Wilkie v. Robbins*, 551 U.S. 537, 550 (2007)).  Therefore, "[t]he existence of that alternative here constitutes a 'convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages.'" *Id.* at 125–26 (quoting *Wilkie*, 551 U.S. at 550).  The scenario here is slightly different than *Pollard*—Rroku's claim is under the Fifth, rather than the Eighth, Amendment.  The Court has cautioned that markedly similar claims brought under different amendments should not automatically be considered analogous.  *See Abbasi*, 137 S. Ct. at 1864.  Thus, *Pollard* does not expressly bar Rroku's claim, arguably making this a new context.

Because the constitutional rights Rroku claims were violated present a new *Bivens* context, we turn to the limitations on *Bivens*.  We will not create a new *Bivens* remedy (1) "if there are 'special factors counselling hesitation in the absence of affirmative action by Congress'" or (2) "where an 'alternative, existing process for protecting the interest amounts to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages.'" *Butts*, 877 F.3d at 587–88 (quoting *Abbasi*, 137 S.Ct. at 1857, and *Wilkie*, 551 U.S. at 550).

As discussed with respect to *Pollard*, a state tort law claim can qualify as a convincing reason to refrain from creating a *Bivens* right and remedy.  *See* 565 U.S. at 120.  Rroku does not claim that there is a lack of alternative remedies as to his neglect in medical care claim; thus, that argument is waived.[6]  *See Chambers v. Mukasey*, 520 F.3d 445, 448 n.1 (5th Cir. 2008).  His argument that limitations has run on his state claims suggests there may be a defense to the particular claim here not that state tort law does not provide a remedy for this type of situation.  "[T]he Court has made clear that expanding

---

[6] Rroku has alleged that a state court claim does not offer an alternative remedy to *Bivens* with respect to his access to courts claim.  As explained above, that claim is not reviewable here.  *See supra* note 4.

the *Bivens* remedy is now a 'disfavored' judicial activity." *Abbasi*, 137 S. Ct. at 1857 (citing *Iqbal*, 556 U.S. at 675). Accordingly, under the circumstances here, we decline to extend *Bivens* to allow a federal claim against Cole.

### C. Dr. Woods

Rroku argues that the district court erred in dismissing his complaint against Dr. Woods under Rule 4(m) for failure to serve. In October 2015, when Rroku attempted service on Dr. Woods, Rule 4(m) dictated: "If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED R. CIV. P. 4(m) (2014).[7] There is a caveat to dismissal, being that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*

To succeed under plain error review, Rroku must first show "(1) an error; (2) that is plain or obvious." *Quinn v. Guerrero*, 863 F.3d 353, 358 (5th Cir. 2017) (citing *United States v. Escalante-Reyes*, 689 F.3d 415, 419 (5th Cir. 2012) (en banc)), *cert. denied*, 138 S. Ct. 682 (2018). On appeal, Rroku argues that (1) he was unable to serve Dr. Woods because Dr. Woods no longer worked at LaSalle, and (2) because Assistant United States Attorney Cristina Walker is representing all of the Appellees, we should consider the claims against Dr. Woods as well.

With respect to his first argument, Rroku did indicate to the district court that he was unable to locate Dr. Woods. However, he has not argued that he has attempted to locate Dr. Woods at any time after the second summons

---

[7] The Federal Rules of Civil Procedure were amended on April 29, 2015, to change the time for service of a defendant from 120 days to 90 days; however, those amendments did not become effective until December 1, 2015. *See* Order of the Supreme Court of the United States, 305 F.R.D. 457, 460 (April 29, 2015).

was returned unexecuted.  Good faith requires a "reasonable basis for noncompliance within the time specified." *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995) (quoting *Winters v. Teledyne Movible Offshore, Inc.,* 776 F.2d 1304, 1306 (5th Cir. 1985)).  As Rroku has not claimed any attempt to locate Dr. Woods, it was not obvious that the district court should have found good cause in this scenario.

With respect to Rroku's argument that Ms. Walker represents all appellees, that is simply not that case; she represents only Hartnett.  Because Rroku has not identified any clear error in the district court opinion, he fails to overcome plain error review.  *See Escalante-Reyes*, 689 F.3d at 419.

For the foregoing reasons, we AFFIRM the dismissal of Rroku's claims against Hartnett, Cole, and Dr. Woods.  Rroku's request for appointment of counsel is DENIED.