# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 9, 2011

No. 09-30937

Lyle W. Cayce
Clerk

CARLOS MCGREW,

Plaintiff–Appellant,

v.

JOSHUA MCQUEEN, Former Lieutenant; DAVID BROWN, Sergeant; JANE DOE, Nurse; CLINT DUNN, Sergeant,

Defendants–Appellees.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:08-CV-187

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Carlos McGrew, Louisiana state prisoner #413135, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that he was beaten by correctional officers McQueen, Brown, and Dunn, and denied sufficient medical care by nurse Doe. The district court dismissed this suit without prejudice due to the failure to effect timely service. McGrew now appeals. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-30937

**I**

As we will explain in more detail below, the suit that is the subject of this appeal (*McGrew II*) was the second suit McGrew filed against these same defendants that alleged the same facts. In both suits, he complained of a beating he alleges to have suffered at the hands of McQueen, Brown, and Dunn, which involved his being hit with wooden sticks after being restrained. He also asserted that nurse Doe was deliberately indifferent to his injuries. He argued that this violated his right under the federal Constitution's Eighth Amendment to be free from cruel and unusual punishment. McGrew stated that this took place on April 27 and 28, 2007. As this appeal concerns only McGrew's failure to effect timely service, the merits of these claims will not be discussed.

McGrew filed *McGrew II* in March 2008. At the time of filing, he conceded that he had previously filed a suit captioned *McGrew v. Brown*,[1] (*McGrew I*), which involved the same facts and was dismissed at his request without prejudice to refiling. However, the dismissal in that suit did include the condition that McGrew could not bring another action involving the same facts and parties *in forma pauperis* (IFP). Despite this, McGrew moved to proceed IFP in *McGrew II*. In light of *McGrew I*, the magistrate judge denied that request. The magistrate judge ordered a 20-day extension of time for McGrew to pay the $350 filing fee, and McGrew paid that fee.

The magistrate judge ordered the United States Marshals to serve the defendants in August 2008. Subsequently, on October 27, 2008, the magistrate judge vacated that order, since McGrew was not proceeding IFP, insofar as the order may have been interpreted as directing the Marshals to effect service prior to McGrew's payment of applicable fees. The new order gave McGrew an additional 30 days in which to pay a $250 deposit, for service costs of $45 per

---

[1] No. 3:07-CV-710.

service and $.485 per mile. The order also warned McGrew that his failure to comply within the time limit could result in the dismissal of the action in accordance with FED. R. CIV. P. 4(m). Though McGrew concedes that he received the order, he later asserted that he was moved to a different part of the prison facility and "separated" from his legal materials before he "could formally and properly respond" to the order. He states he was then moved to a different facility, though specific dates are not provided. He contends that he made attempts to "retrieve [his] legal materials so as to inform this [district] court" as to his whereabouts, but did not regain his legal materials until May 2009.

Since McGrew had not paid to effect service, despite the aforementioned extensions and warnings, on April 7, 2009, the magistrate judge recommended that *McGrew II* be dismissed as a result of McGrew's failure to effect timely service. The magistrate judge's report and recommendation stated that McGrew had 10 days to file objections to the report, and that no extensions would be granted. Almost two months after the deadline for objections had passed, McGrew filed a motion for leave to submit belated and alternative summons, signed June 15, 2009. Moreover, because he insisted he could not afford the costs of service, he proposed to provide the court "with sufficient postage (2x 44 cents stamps) to mail all parties [a] copy of [the] summons."

The district court ordered the action dismissed without prejudice for McGrew's failure to effect timely service. The order was entered on August 13, 2009, on the basis of the district court's "independent[] review of the entire record."

On September 2, 2009, the district court received a motion McGrew styled as a motion to "Re-Open the Case and to Seek Relief from Judgment." McGrew dated the motion August 27, 2009. On September 15, 2009, the district court denied that motion and additionally stated that the motion to submit belated and alternative summons was denied. McGrew filed notice of his intent to

No. 09-30937

appeal on September 30, 2009. We have granted McGrew permission to proceed IFP in this appeal.

## II

## A

Pursuant to 28 U.S.C. § 1291, this court has jurisdiction over properly filed appeals of final decisions of the district courts. We treat dismissals that are technically without prejudice, yet owing to statutes of limitations act with prejudice, as dismissals with prejudice.[2] Claims under 42 U.S.C. § 1983 are governed by the applicable state statute of limitations.[3] The prescriptive period for personal injury actions in Louisiana is one year.[4] As the underlying events took place in April 2007, we treat this case as a dismissal with prejudice.

To ascertain the breadth of our jurisdiction to review this case, we consider the timing of McGrew's notice of appeal. We will interpret McGrew's pleadings liberally in light of his pro se status.[5] Timely filing of notice of appeal is required for jurisdiction to vest in this court,[6] here within 30 days of the judgment or order from which an appeal is taken.[7] If a motion is filed under FED. R. CIV. P. 59(e) to alter or amend a judgment, however, these 30 days would run from the date of the denial of the FED. R. CIV. P. 59(e) motion.[8]

---

[2] *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417 (5th Cir. 2006).

[3] *Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002).

[4] LA. CIV. CODE ANN. art. 3492.

[5] *Texas Comptroller of Pub. Accounts v. Liuzza (In re Tex. Pig Stands, Inc.)*, 610 F.3d 937, 941 n.4 (5th Cir. 2010).

[6] *Bowles v. Russell*, 551 U.S. 205, 210 (2007).

[7] FED. R. APP. P. 4(a)(1)(A).

[8] FED. R. APP. P. 4(a)(4)(A)(iv).

No. 09-30937

Therefore we must consider whether McGrew's motion to re-open the case is properly read as a FED. R. CIV. P. 59(e) motion, even though not captioned as such.  Here, the district court entered its dismissal order on August 13, 2009, and McGrew's motion to "Re-Open the Case and to Seek Relief from Judgment" was filed on September 2, 2009.  We have previously stated that for the purposes of one's time to file a notice of appeal, "[t]his court treats a motion which calls into question the correctness of the judgment, does not seek relief for purely clerical errors, and is served within [the time for filing in Rule 59(e)] after the entry of judgment, as a Rule 59(e) motion."[9]  During the pendency of this appeal, FED. R. CIV. P. 59(e) has been amended, extending its time for filing from 10 to 28 days.  We have said in other contexts "that our own jurisprudence requires that, to the maximum extent possible, the amended Rules should be given retroactive application."[10]  Indeed, we have previously applied that guidance to amendments to Rule 59(e).[11]  However, we will not resolve today whether the 28-day period in amended Rule 59(e) applies to McGrew's filing because the parties have not briefed or contested this issue.  We will assume, without deciding, that the rule change applies retroactively.  This also obviates the need to inquire whether there is evidence to support construing the motion to reopen to have been filed earlier, based on the prison mailbox rule, than on the date the district court actually received it.[12]

Applying the 28-day period here, McGrew's motion to re-open the case could be construed as permitting his appeal to be timely filed on September 30,

---

[9] *Burt v. Ware*, 14 F.3d 256, 258 (5th Cir. 1994) (per curiam) (internal citations omitted).

[10] *Skoczylas v. Fed. Bureau of Prisons*, 961 F.2d 543, 546 (5th Cir. 1992) (citation and quotation marks omitted).

[11] *Long v. Simmons*, 77 F.3d 878, 879 (5th Cir. 1996).

[12] *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).

No. 09-30937

2009 if it requested that the dismissal of *McGrew II* be reconsidered.  It is clear that most of the motion to reopen was addressed to *McGrew I*, not *McGrew II*. Even interpreting McGrew's pleadings liberally in light of his pro se status,[13] it is not entirely clear that he asked the district court to reconsider the dismissal of *McGrew II*, but we will assume, without deciding, that his motion did so and therefore that his appeal was timely.

**B**

Effecting timely service is governed by FED. R. CIV. P. 4(m), which states:

If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

We have said that determining "'good cause' under any particular set of circumstances is necessarily fact-sensitive."[14]  In general, we review a district court's dismissal of an action for failure to effect timely service for abuse of discretion.[15]  We apply a heightened standard of review where the dismissal is without prejudice, but acts as a dismissal with prejudice[16]—as in the instant case.  We have said, "[a] district court's dismissal with prejudice is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice."[17]  Finally, we have noted that when affirming dismissals with prejudice, we have "generally

---

[13] *Texas Comptroller of Pub. Accounts (In re Tex. Pig Stands, Inc.)*, 610 F.3d 937, 941 n.4 (5th Cir. 2010).

[14] *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996).

[15] *Fournier v. Textron, Inc.*, 776 F.2d 532, 534 (5th Cir. 1985).

[16] *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325-26 (5th Cir. 2008).

[17] *Id.* at 326 (internal citations and quotation marks omitted).

found at least one of three aggravating factors: (1) delay caused by the plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct."[18]

To warrant dismissal, we must find a delay "longer than just a few months; instead, the delay must be characterized by significant periods of total inactivity."[19] Here we have such a record of delay stretching back to *McGrew I*. McGrew concedes that he has previously filed a suit—*McGrew I*—addressing the same facts and parties as the instant action. He voluntarily dismissed that suit only after the defendants had filed a motion for summary judgment asserting that McGrew had failed to exhaust administrative remedies and after the magistrate judge in that case recommended that the defendants' motion be granted. Despite the fact that a condition of the voluntary dismissal granted in *McGrew I* was his inability to refile the case IFP, McGrew nonetheless filed a motion to proceed IFP in *McGrew II*.

McGrew has similarly delayed these proceedings. In denying his improper request for IFP status, the court granted him a 20-day extension. The court granted another extension, 30 days, in its order issued on October 27, 2008, directing McGrew to pay for service by the United States Marshals. In his brief to this court, McGrew concedes that he received this order.[20] He failed to comply. McGrew did not communicate with the court until his June 15, 2009, motion for leave to submit belated and alternative summons, approximately eight months after the granting of the extension. In that motion he informed the court that he lacked his legal materials until an unspecified date in May 2009,

---

[18] *Id.* (internal citations, quotation marks, and brackets omitted).

[19] *Id.* at 327 (quoting *McNeal v. Papasan*, 842 F.2d 787, 791 (5th Cir.1988)) (internal quotation marks omitted).

[20] The record does not evince a specific date of service on McGrew for the order, though McGrew never formally filed an objection.

and thus could not "formally and properly" respond. Notably, McGrew does not suggest why he could not inform the court of his whereabouts.

Even accepting McGrew's contentions in his June 15 motion, it is never explained why, with knowledge of a 30-day extension granted in October 2008, after recovering access to "all of his legal materials" in May 2009, he did not communicate with the court until June 15, 2009.

We cannot say that lesser sanctions would better serve the interests of justice in this case. In fact, the lower court has already failed to gain compliance, despite its use of a variety of lesser measures. For instance, the court allowed McGrew to voluntarily dismiss *McGrew I* on the condition that he not proceed IFP in a later action. He nonetheless filed to proceed IFP in the district court in this action. In an attempt to provide McGrew every opportunity to come into compliance with the rules, the lower court used its discretion to grant McGrew a 20-day extension after denying his IFP motion. Similarly, when the court directed McGrew to pay the costs of effecting service by the United States Marshals, it granted him an additional 30-day extension and expressly warned him that dismissal was a potential result if he failed to effect service. The magistrate judge did not issue her recommendation that the case be dismissed for failure to effect timely service for many months after the expiration of this extension. The court's recurring resort to additional time for McGrew is relevant, since we have previously noted the significance of the repeated granting of additional time.[21]

We also note that McQueen and his fellow defendants assert that they are prejudiced by virtue of lost documentary evidence and unavailable witnesses as a result of McGrew's delay in the prosecution of his claims. We are satisfied, in light of the aforementioned clear record of delay and the failure of lesser

---

[21] *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1519-20 (5th Cir. 1985) (per curiam).

sanctions, that the district court did not abuse its discretion in dismissing *McGrew II.*

## III

We also affirm the lower court's dismissal of the motion to re-open insofar as it may be construed as containing a motion under FED. R. CIV. P. 60(b)(4) and (6) with respect to *McGrew I.*  FED. R. CIV. P. 60(b)(4) permits a court to provide relief from a "void" judgment, while FED. R. CIV. P. 60(b)(6) is a catchall provision including "any other reason that justifies relief."  A district court is without discretion to enter a void judgment, and therefore we review such challenged judgments anew.[22]  There is no time limit on an attack on a void judgment,[23] while FED. R. CIV. P. 60(b)(6) requires that the motion be made "within a reasonable time."[24]  We review the denial of a FED. R. CIV. P. 60(b)(6) motion for abuse of discretion.[25]

In order for McGrew to prevail pursuant to FED. R. CIV. P. 60(b)(4), a judgment would need to have been rendered without "jurisdiction of the subject matter, or of the parties, or if [the district court] acted in a manner inconsistent with due process of law."[26]  McGrew insisted in his motion to reopen that the district court wrongly dismissed *McGrew I* for a failure to exhaust his administrative remedies. He also discusses these topics extensively in his brief to this court.  His procedural history is incorrect: The district court granted a voluntary dismissal of *McGrew I.*  There are no facts in the record to indicate

---

[22] *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 142 (5th Cir. 1996).

[23] *Id.*

[24] *Samaras v. America's Favorite Chicken Co.* (*In re Al Copeland Enters., Inc.*), 153 F.3d 268, 272 (5th Cir. 1998).

[25] *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995).

[26] *New York Life Ins. Co.*, 84 F.3d at 143 (internal quotation marks and citations omitted).

No. 09-30937

that the voluntary dismissal of *McGrew I* was void, and thus a motion under FED. R. CIV. P. 60(b)(4) would be properly denied.

Similarly, a challenge under FED. R. CIV. P. 60(b)(6), assuming the motion to be timely filed, would be properly rejected. FED. R. CIV. P. 60(b)(6) is a remedy available "only if extraordinary circumstances are present" and its availability is "narrowly circumscribed."[27] Again, McGrew's argument turns on the defects he alleges exist in the district court's dismissal of *McGrew I* for his failure to exhaust administrative remedies prior to filing *McGrew I*. We note again, however, that *McGrew I* was not dismissed for failure to exhaust administrative remedies. The action was actually voluntarily dismissed. The requisite "extraordinary circumstances" are not present.

\*       \*       \*

We AFFIRM.

---

[27] *Batts*, 66 F.3d at 747 (citation omitted).

10