# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 12, 2023

Lyle W. Cayce
Clerk

———————

No. 23-40038

———————

Charles E. Epley,

*Plaintiff—Appellant*,

*versus*

Hien Luong, D.D.S.; Dorace L. Bedard, P.M.H.N.P.; Wanda T. Hilliard, A.P.R.N.; Charles Daniel Adams, M.D.; Adjetey Kwaku Lomo, M.D.; Kwabena Owusu, M.D.; Julia Renee Ward, M.D.; Walid Hamoudi, M.D.; Tawana Lakesha Smith, M.D.; Marcus Eric Hinkle, M.D.; Natascha Tove Dumas-Dow, M.D.; Erin Alison Jones, D.O.; Owen Joseph Murray, D.O.; John/Jane Does Medical Officials; Albert Ikechukwu Oguejiofor, M.D.,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:20-CV-43

———————————————————————

Before Richman, *Chief Judge*, and Haynes and Duncan, *Circuit Judges*.

Per Curiam:[*]

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-40038

The district court *sua sponte* dismissed Charles Epley's *pro se* lawsuit for failure to serve the defendants. On appeal, Epley argues the district court abused its discretion because his indigency, his mental disability, and the COVID-19 pandemic furnished good cause for his two-year-long delay in serving process. Finding no abuse of discretion, we AFFIRM.

I.

In February 2020, former prisoner Epley filed a *pro se* complaint against several healthcare providers under 42 U.S.C. § 1983, alleging they deliberately withheld care during his incarceration. The clerk of the court issued a notice of deficient pleading, warning that Epley must file an amended complaint and either pay the $400 filing fee or apply to proceed *in forma pauperis* ("IFP"). Epley paid the filing fee.

Epley sought an extension to file his amended complaint and serve the defendants, claiming the pandemic prevented him from contacting process servers. The court granted him 30 more days to serve process and set May 29, 2020, as the deadline for his amended complaint. Before this date, Epley sought leave to proceed IFP because "debilitating serious medical conditions" allegedly prevented him from working. Although he was able to pay the original filing fee through a loan, he now claimed to be unable to pay for service.

The court denied Epley's motion as moot because Epley had already paid the filing fee. And "[t]o the extent Epley request[ed] service of process by the United States Marshal, the court in its discretion denie[d] the request at th[at] time because Epley ha[d] not yet filed his amended complaint. *See* Fed. R. Civ. P. 4(c)(3)." Epley filed his amended complaint within the court's deadline.

On October 30, 2020, after five months of inactivity, the court ordered Epley to show cause why his complaint should not be dismissed for

insufficient service. After noting the 90-day deadline under Federal Rule of Civil Procedure 4(m), the court noted that "[i]n the five-month period since filing his amended complaint, Epley ha[d] not filed proof of service or any other documents with the court," even after it granted Epley one extension of time under Rule 4(m). The court warned Epley that it would dismiss under Rule 4(m) if he failed to show good cause for failing to serve. Additionally, the court stated that "Epley's response must include proper proof of service of the summons and complaint on the defendants listed in the complaint." Epley moved for an extension to respond to the show cause order, citing as justifications psychiatric disorders, the pandemic, and his *pro se* status. The district court denied the motion, stating that after five months of inactivity, ten more days would not alleviate these barriers.

Epley timely responded to the show cause order on November 20, 2020. He argued his physical and mental conditions left him disabled for days at a time. He also noted that he previously informed the court of his indigency, which prevented him from effectuating service. According to Epley, the court's phrase "at this time" in its order denying IFP led him to believe the court would revisit the issue after he filed his amended complaint. Since then, Epley had simply waited to hear from the court and was unconcerned by the delay because he assumed it was due to either the pandemic or the court's investigating his claims. Epley also claimed he was afraid of being sanctioned for filing too many documents.

In December 2022, after two years with no further communication from Epley, the district court dismissed Epley's complaint under Rules 4(m) and 41(b) because he failed to show good cause for failing to serve. Epley timely appealed. The district court granted his motion for leave to proceed IFP on appeal.

## II.

We review a dismissal for failure to effect service for abuse of discretion. *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013). The serving party bears the burden of proving good cause for failure to effect service. *Ibid.*

## III.

On appeal, Epley argues the district court abused its discretion because he showed good cause for failing to timely effect service. We disagree.

A district court must dismiss a complaint without prejudice under Rule 4(m) "if a defendant is not served within 90 days after the complaint is filed, unless the plaintiff shows good cause for the failure." *Lewis v. Sec'y of Pub. Safety and Corr.*, 870 F.3d 365, 369 (5th Cir. 2017); Fed. R. Civ. P. 4(m). A district court enjoys "broad discretion in determining whether to dismiss an action for ineffective service of process." *George v. U.S. Dep't of Lab., Occupational Safety & Health Admin.*, 788 F.2d 1115, 1116 (5th Cir. 1986) (per curiam). Good cause requires proof of at least "excusable neglect"— simple inadvertence, mistake of counsel, "or ignorance of the rules usually does not suffice." *Thrasher*, 709 F.3d at 511. The plaintiff must provide some "showing of good faith" and "some reasonable basis for noncompliance" with the court's deadline. *Ibid.* (citation omitted). The plaintiff should also show due diligence in attempting to perfect service. *Id.* at 512.

When, as here, the statute of limitations bars future litigation on a plaintiff's claims, a Rule 4(m) dismissal operates as a dismissal with prejudice. We therefore apply "more exacting" review. *Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014) (per curiam) (citation omitted). We will affirm "only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of

justice." *Thrasher*, 709 F.3d at 513. This usually involves "at least one of three aggravating factors": (1) delay caused by the plaintiff himself; (2) prejudice to the defendant; or (3) "delay caused by intentional conduct." *Id.* at 514 (citation omitted). A delay warranting dismissal with prejudice must be "longer than just a few months" and must "be characterized by significant periods of total inactivity." *Id.* at 513 (citation omitted).

Epley suggests several reasons justifying his delay in perfecting service, including confusion about the court's orders, his medical condition, his *pro se* status, his indigency, and the pandemic. We agree with the district court, however, that none of these excuses constituted good cause.

Our decision in *Thrasher* is instructive. In that case, the district court ordered the *pro se* plaintiff to show cause why his complaint should not be dismissed for failure to serve under Rule 4(m). *Thrasher*, 709 F.3d at 510. The plaintiff sought an extension to respond and then unsuccessfully attempted to perfect service himself. *Ibid.* In the meantime, the plaintiff missed the court's deadline, did not respond to the defendants' motion to dismiss, and did not file his proof of service for over five months. *Ibid.* Finding the plaintiff lacked good cause for the delay, the district court dismissed. *Ibid.* On appeal, the plaintiff claimed his mental illness provided good cause for failing to serve because he was admitted to an out-of-state facility for over two months during the service window. *Id.* at 512. We disagreed. Even applying more exacting review to the with-prejudice dismissal, we held that "the record indicates clear delay." *Id.* at 513. And even deducting the two-month treatment period, we found that the plaintiff still inexcusably delayed service for over eight months. *Id.* at 512.

Just as in *Thrasher*, we cannot say that Epley's mental or physical conditions justified the delay in service. Epley fails to show why his claimed infirmities somehow excused the fact that the defendants remained unserved

for well over two years. Epley, after all, filed pleadings both before and after issuance of the show cause order.

Nor did Epley's purported confusion about the wording of the court's orders justify the delay. The court delineated Epley's deadlines and referred him to Rule 4(m). Moreover, after denying Epley's motion to proceed IFP, the court informed him it had not authorized service by the Marshal. Finally, in its show cause order, the court again referred Epley to the pertinent procedural rules and warned him that failure to comply would risk dismissal of his complaint.

Nor did COVID-19 excuse Epley's failure to serve. Throughout the pandemic, the court did not hold proceedings in abeyance but, instead, continued to set litigation deadlines. And, just as a two-month hospital stay in *Thrasher* did not excuse ten months of inactivity, *see* 709 F.3d at 512, the pandemic's initial disruptions did not excuse Epley's two-year delay in service.

Nor did Epley's indigency justify his failure to serve. Epley was never authorized to proceed IFP and was thus not entitled to the benefits of IFP status. *See, e.g.*, *McGrew v. McQueen*, 415 F. App'x 592, 593–94 (5th Cir. 2011) (affirming with-prejudice dismissal for *pro se* plaintiff who unsuccessfully claimed IFP status). Nor did Epley's *pro se* status justify the delay. "[A] litigant's *pro se* status neither excuses his failure to effect service nor excuses him for lack of knowledge of the Rules of Civil Procedure." *Thrasher*, 709 F.3d at 512 (footnote omitted).

Finally, we note that the district court considered lesser sanctions such as fines, conditional dismissal, and explicit warnings, but found these alternatives would not serve the interest of justice because it already issued multiple extensions and explicit warnings to no avail. *See Thrasher*, 709 F.3d at 513.

In sum, the district court did not abuse its discretion in finding a lack of good cause for Epley's failure to serve process.

Additionally, the court did not err in ruling that Epley showed no diligence in pursuing his claims. Our decision in *Rochon v. Dawson* is instructive. 828 F.2d 1107 (5th Cir. 1987). There, the district court dismissed the *pro se* plaintiff's IFP complaint, citing his "dilatoriness" and "fault" in not serving the defendant for nearly two years. *Id.* at 1110. When the plaintiff learned the Marshals could not find the defendant based on the address the plaintiff had provided, the plaintiff failed to correct the error. *Id.* at 1108–09. We held that, while IFP plaintiffs may rely on service by the Marshals, a plaintiff, "[a]t a minimum," must "remedy any apparent service defects" made known to him. *Id.* at 1110; *cf. Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 445, 448 (5th Cir. 1996) (finding IFP plaintiff showed good cause for failure to serve because he moved to appoint a special server and tried to effect service himself and through the clerk of court).

*Rochon* supports the district court's finding that Epley lacked diligence. Like the plaintiff there, Epley did nothing when alerted to the need for service. Epley neither followed up with the court nor took action himself. *Cf. Lindsey*, 101 F.3d at 445, 448. He instead waited passively for over two years. While we are sympathetic to the obstacles that Epley claims to have encountered, those difficulties do not justify his lack of diligence.

The bottom line is that Epley's response to the show cause order did not require any further action from the district court before it could rule that Epley failed to show good cause. Epley could not have reasonably thought he was entitled to court action, absent a motion, before the district court decided whether he demonstrated good cause. After discussing at length the correct

No. 23-40038

standard and our court's precedent, the district court held Epley had not shown good cause. This decision was not an abuse of discretion.[1]

AFFIRMED.

_____

[1] The district court also dismissed under Rule 41(b), which permits dismissal *sua sponte* when the plaintiff fails to prosecute. *See Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018). Because the same heightened standard applies to with-prejudice dismissals under Rules 4(m) and 41(b), we affirm the Rule 41(b) dismissal for the same reasons stated above. *See ibid.*; *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008).

No. 23-40038

HAYNES, *Circuit Judge*, dissenting:

I respectfully dissent from the affirmance of Epley's dismissal. As the majority opinion discusses, we must apply "more exacting" review of the district court's dismissal because the statute of limitations would bar future litigation of Epley's claims. *Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014) (per curiam). Thus, even if there is no showing of good cause for insufficient service of process, we may affirm "only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *Thrasher v. City of Amarillo*, 709 F.3d 509, 513 (5th Cir. 2013) (quotation omitted); *see also Milan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325–26 (5th Cir. 2008). "To warrant dismissal, we must find a delay longer than just a few months; instead, the delay must be characterized by significant periods of total inactivity." *Thrasher*, 709 F.3d at 513 (internal quotation marks and citation omitted).

Here, I conclude that the district court abused its discretion because it improperly attributed to Epley the two-year delay in service of process. Only five months passed between Epley's amended complaint and the district court's show cause order. Epley timely responded to the show cause order and again raised to the court that he did not have the funds to conduct service of process. The district court then waited over two years to address Epley's response. Yet the district court's order focused on the fact that two years passed since Epley's last filing. By improperly assessing the delay caused by *the court* rather than Epley, I conclude that the district court committed reversable error. Epley's delay of only a few months is not enough

to warrant dismissal of his claims. *See Milan*, 546 F.3d at 326–27. Most importantly, this case is distinct because Epley was waiting for a ruling from the court. Indeed, Epley timely responded to the district court's show cause order and identified his need for assistance with service of process because he was indigent and disabled. After that, the court did nothing for two years. The subsequent period of inactivity thus came from the *court's* failure to rule on Epley's filing. We have previously held that dismissal was improper because the significant delay was caused by the court rather than the plaintiff. *See John v. State of La.*, 828 F.2d 1129, 1131 (5th Cir. 1987) (rejecting district court's finding of a clear record of delay, in part, because "[t]he major interruption in th[e] litigation, a two-year period from 1984 to 1986, resulted from the district court's grant of summary judgment and its subsequent reversal on appeal"). I don't think that Epley should face the extreme sanction of dismissal when the district court's lack of ruling caused the major delay in this case.

Finally, Epley's lack of in forma pauperis ("IFP") status distinguishes this case from *Rochon v. Dawson.* 828 F.2d 1107 (5th Cir. 1987). In *Rochon*, the IFP plaintiff provided an incorrect address to the Marshals Service and the district court subsequently issued an order noting that one of the defendants had not been served with the complaint. *Id.* at 1110. Despite the plaintiff having an avenue to remedy the service defects through the Marshals Service, he "remain[ed] silent and d[id] nothing." *Id.* In contrast, Epley did not have the benefit of the Marshals Service to contact. Nor did Epley simply

do nothing when the district court identified his service issue; he instead responded and emphasized his request to proceed IFP.

As discussed above, where a district court dismisses a case and the statute of limitations likely bars future litigation, our precedent requires *both* a clear record of delay and a proper finding that lesser sanctions would not better serve the interests of justice. *Coleman*, 745 F.3d at 766. Because Epley caused only a five-month delay, there is no clear record of delay warranting dismissal. *See Milan*, 546 F.3d at 326–27. Further, the district court has not shown that lesser sanctions would be ineffective. Epley received only one warning—which he timely responded to—and has met all other deadlines. His inability to serve the defendants clearly stems from his lack of IFP status as opposed to a lack of diligence. At a minimum, the district court created confusion for the pro se litigant, Epley; in my view, the district court abused its discretion in dismissing the case under these facts.

Given the decision of the majority of this court not to reverse, I respectfully dissent.