# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 22, 2013

Lyle W. Cayce
Clerk

No. 11-10153

BRANDON K. THRASHER,

Plaintiff–Appellant,

v.

CITY OF AMARILLO; JUSTIN R. CASTILLO, also known as NFN Castillo,

Defendants–Appellees.

Appeal from the United States District Court
for the Northern District of Texas

Before JONES, OWEN, and HIGGINSON, Circuit Judges.

PRISCILLA R. OWEN, Circuit Judge:

Brandon Thrasher asserted claims under 42 U.S.C. § 1983.  The district court dismissed the suit for delay in perfecting service of process.  We affirm.

**I**

Thrasher, acting pro se, brought suit against Officer Justin Castillo, the City of Amarillo (the City), and other defendants on February 8, 2010, alleging that Castillo had wrongfully arrested him two years earlier.  On June 10, 2010—two days after the expiration of the 120-day time period to serve process set forth in Federal Rule of Civil Procedure 4(m)—the district court ordered Thrasher to show cause by June 21, 2010, as to why his case should not be

No. 11-10153

dismissed for failure to serve process. Three days before the deadline, on June 18, 2010, Thrasher filed a motion requesting an extension of time to perfect service, and on June 18 and 21, 2010, respectively, Thrasher himself attempted to serve process upon the City and Castillo (collectively, Defendants). Thrasher's failure to provide a copy of the complaint and his personal service of process violated Rule 4(c).[1] On June 22, 2010, the district court granted Thrasher an extension until July 1, 2010 to perfect service of process in compliance with Rule 4. Thrasher missed this deadline.

Eight days after the extended deadline had passed, Defendants filed (on July 9, 2010) a motion to dismiss the complaint or, in the alternative, a motion for a more definite statement. The motion detailed why Thrasher's only attempt at service was insufficient. Counsel appeared on behalf of Thrasher in October but did not respond to this motion for almost six months and did not perfect service on the City until November 29, 2010 and on Castillo until December 13, 2010—over five months after Thrasher's motion to extend the time for obtaining service. On January 26, 2011, the district court dismissed Thrasher's suit because he failed to show good cause for the delay in perfection of service.

On appeal, again acting pro se, Thrasher asserts that the district court should not have applied state law to determine the applicable statute of limitations and that the district court erred in dismissing for the delay in service. Thrasher requests that we reverse and remand in order to allow him the opportunity to explain why his service met the requirements of Rule 4.

## II

As an initial matter, Thrasher contends that the district court improperly held that his suit was time-barred. However, the court did not dismiss his case

---

[1] *See* FED. R. CIV. P. 4(c)(1) ("A summons must be served with a copy of the complaint."); FED R. CIV. P. 4(c)(2) ("Any person who is at least 18 years old and not a party may serve a summons and complaint.").

2

No. 11-10153

on that basis; it dismissed for failure to show good cause for insufficient service of process. Accordingly, this appeal involves only the district court's application of Federal Rule of Civil Procedure 4(m) and that court's conclusion that Thrasher failed to show good cause for the delay in perfecting service.

We review a district court's dismissal under Rule 4(m) for an abuse of discretion.[2] Rule 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good case for the failure, the court must extend the time for service for an appropriate period.[3]

Even if the plaintiff lacks good cause, the court has discretion to extend the time for service.[4]

"When service of process is challenged, the serving party bears the burden of proving . . . good cause for failure to effect timely service."[5] Proof of good cause requires "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice."[6] Additionally, some "showing of good faith on the part

---

[2] *See, e.g.*, *McDonald v. United States*, 898 F.2d 466, 468 (5th Cir. 1990) (reviewing a district court's dismissal under former Rule 4(j)—the predecessor to the current Rule 4(m)—for an abuse of discretion); *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1280 (11th Cir. 2007) (reviewing a district court's dismissal of a complaint under Rule 4(m) for abuse of discretion); *Zapata v. City of New York*, 502 F.3d 192, 195 (2d Cir. 2007) ("We review for an abuse of discretion a district court's Rule 4(m) dismissal for failure to serve process.").

[3] FED. R. CIV. P. 4(m).

[4] *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citing *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996)).

[5] *Sys. Signs Supplies v. U.S. Dep't of Justice, Wash., D.C.*, 903 F.2d 1011, 1013 (5th Cir. 1990) (per curiam).

[6] *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985) (emphasis omitted).

No. 11-10153

of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified is normally required."[7]

We see no abuse of discretion in the district court's conclusion that Thrasher failed to show good cause for his failure to effect timely service. Thrasher did not properly serve Defendants until almost ten months after suit was filed. In the district court, Thrasher argued that he had good cause for delay because he was suffering from mental illness and initially proceeded *in forma pauperis.* On appeal, Thrasher is again unrepresented by counsel and asserts that he failed to perfect service because he was pro se and did not understand that he, as a litigant, could not himself serve process on the Defendants.

A litigant's pro se status neither excuses his failure to effect service[8] nor excuses him for lack of knowledge of the Rules of Civil Procedure.[9] Furthermore, Thrasher was represented by counsel for over a month before service was perfected but offers no explanation for the delay during that time. Thrasher additionally asserts that he was admitted for in-patient care at an out-of-state treatment facility for 70 to 77 days during 2010. However, as the district court noted, even if those days are deducted from the equation, Thrasher still fails to show that he exercised due diligence during the remaining time available to perfect service of process.

We have analyzed a district court's good cause determination in similar situations and affirmed dismissal. In *Systems Signs Supplies v. U.S. Department of Justice, Washington, D.C.,*[10] we held that the district court did not

---

[7] *Id.* (emphasis omitted) (internal quotation marks omitted).

[8] *Sys. Signs Supplies*, 903 F.3d at 1013.

[9] *See Martin v. Harrison Cnty. Jail*, 975 F.2d 192, 193 (5th Cir. 1992) (per curiam).

[10] 903 F.2d 1011 (5th Cir. 1990) (per curiam).

4

No. 11-10153

abuse its discretion in finding that a litigant failed to show good cause, despite the litigant's pro se status, his multiple attempts to serve defendants within the statutory period, and the fact that defendants had actual notice of the suit.[11] In *Newby v. Enron Corp.*,[12] we affirmed the district court's dismissal despite the statute of limitations having run and rejected plaintiffs' claims that they had good cause for delay because they were unaware of defects in service and were confused over the status of a bankruptcy stay.[13] We held that this amounted to "inadvertence, mistake of counsel, and unfamiliarity with rules, all matters that fall short of the excusable neglect threshold."[14] Likewise, we upheld a district court's finding of no good cause when plaintiffs wrongly attempted to serve the United States Attorney by mail in July and after being notified of improper service, failed to perfect service until December.[15] Similarly, in *Winters v. Teledyne Movible Offshore, Inc.*,[16] the defendants had already been served in a state court lawsuit alleging the same cause of action and that suit had been removed to the same federal court in which the current suit was filed.[17] Nevertheless, we held that plaintiffs had not shown good cause for their failure to serve defendants.[18]

However, Thrasher filed suit ten days before the expiration of the statute of limitations, and we therefore review this dismissal under a heightened

---

[11] *Sys. Signs Supplies*, 903 F.2d at 1013-14.

[12] 284 F. App'x 146 (5th Cir. 2008) (per curiam).

[13] *Newby*, 284 F. App'x at 149-50.

[14] *Id.*

[15] *McGinnis v. Shalala*, 2 F.3d 548, 549, 551 (5th Cir. 1993) (per curiam).

[16] 776 F.2d 1304 (5th Cir. 1985).

[17] *Winters*, 776 F.2d at 1306-07.

[18] *Id.* at 1307.

5

standard. If "the applicable statute of limitations likely bars future litigation, a district court's dismissal of claims under Rule 4(m) should be reviewed under the same heightened standard used to review a dismissal with prejudice."[19] Because "dismissal with prejudice 'is an extreme sanction that deprives a litigant of the opportunity to pursue his claim,'"[20] it "is warranted only where a clear record of delay or contumacious conduct by the plaintiff' exists and a lesser sanction would not better serve the interests of justice."[21] To warrant dismissal, we must find a delay "longer than just a few months; instead, the delay must be characterized by significant periods of total inactivity."[22]

Even reviewing Thrasher's claim under the heightened standard required of a dismissal with prejudice, the record indicates clear delay. Thrasher did not perfect service on Defendants for almost ten months after filing his complaint. In this approximately ten-month delay, there were prolonged periods of inactivity. First, Thrasher filed suit on February 8, 2010, but made no effort to serve Defendants until four months later when the district court ordered him to show cause for failure to serve Defendants within the 120-day period. Within days, Thrasher attempted to serve Defendants but did so improperly. The district court then granted Thrasher an additional 9 days to serve Defendants and instructed him that he should serve Defendants in accordance with Rule 4. The court also informed Thrasher that he could not rely on service of process from a case he allegedly filed against Defendants in 2008 because there was no

---

[19] *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008) (citing *Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 213 (5th Cir. 1976)).

[20] *Id.* (quoting *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980)) (internal quotation marks omitted).

[21] *Id.* (quoting *Gray v. Fid. Acceptance Corp.*, 634 F.2d 226, 227 (5th Cir. 1981)).

[22] *Id.* at 326-27 (quoting *McNeal v. Papasan*, 842 F.2d 787, 791 (5th Cir. 1988)) (internal quotation marks omitted).

proof of service in the prior case, and regardless, the "instant cause is a new case and all defendants must be served." Thrasher missed his extended deadline.

On July 9, 2010 Defendants filed a motion to dismiss for insufficient process, specifically pointing out the deficiencies in service. For another four months, Thrasher did nothing to respond to this motion, nor did he attempt to re-serve Defendants. Despite an attorney appearing on Thrasher's behalf in October, Defendants were still not served until November 29, 2010, and December 13, 2010, respectively. Thrasher's attorney then responded to Defendants' motion to dismiss for insufficient service on January 3, 2011, almost six months after Defendants filed the motion.

Our holding in *Millan v. USAA General Indemnity Co.*[23] does not control the present case. In *Millan*, we applied the heightened standard required of a dismissal with prejudice and held that the district court abused its discretion for dismissing Millan's case for failure to effect timely service.[24] Millan attempted to serve the defendant within 120 days of filing his complaint but did so improperly under Louisiana law.[25] Before the expiration of 120 days, the district court issued an order notifying Millan that his first attempt at service was ineffective and that "on or before October 9 . . . plaintiff shall file into the record the return of service of process that has been effected on the defendant(s)."[26] Millan again attempted to serve the defendant within the 120-day period, but failed to pay the proper fee.[27] Then, on September 21, Millan corrected his error, "timely serving [the defendant] under his interpretation of the district

---

[23] 546 F.3d 321 (5th Cir. 2008).

[24] *Millan*, 546 F.3d at 323.

[25] *Id.* at 324.

[26] *Id.* (alteration in original).

[27] *Id.*

court's . . . order, but four days after the 120-day deadline for service under Rule 4(m)."[28]

The district court dismissed Millan's claim for failure to effectuate service by the Rule 4(m) deadline, and we reversed, noting that there was no clear record of delay or contumacious conduct.[29]  Millan attempted service twice within 120 days and finally effected service four days late.[30]  In doing so, he was under the impression that a court order had extended his deadline.[31]  Thus, we held that effecting service less than a week late after three attempts neither exemplified "significant periods of total inactivity" nor a "clear record of delay."[32]

A clear record of delay, however, is not our only consideration.  When "this Court has affirmed dismissals with prejudice, it has generally found at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'"[33]  The first factor is present here.  While Thrasher was briefly represented by an attorney, his failure to effect timely service cannot be attributed to his attorney's inaction; the record reflects that Thrasher was representing himself long after the extended deadline for obtaining service had passed.

We cannot say that lesser sanctions would better serve the interests of justice.  Lesser sanctions include "[a]ssessments of fines, costs, or damages

---

[28] *Id.*

[29] *Id.* at 327-28.

[30] *Id.* at 327.

[31] *Id.*

[32] *Id.* at 326-27.

[33] *Id.* at 326 (alteration in original) (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)).

against the plaintiff . . . , conditional dismissal, dismissal without prejudice, and explicit warnings."[34] At one point, Thrasher was proceeding *in forma pauperis*, thus any monetary sanctions would have been fruitless.[35] Additionally, the record indicates that he was given multiple chances to serve Defendants. When 120 days had expired after suit was filed, the district court issued a show cause order and warned Thrasher that his suit would be dismissed if he did not show good cause for his failure to effect service on Defendants. Thrasher then asked for and received an extension of time to perfect service. When Thrasher failed to comply within the extended time period, the district court did not dismiss the case until several more months had passed. During that time, Thrasher not only failed to effect service, but for six months he also failed to respond to a motion to dismiss filed by Defendants. Because the district court's warning of dismissal and grant of extensions accompanied by generous allotments of time did not influence Thrasher to effect service properly, we cannot say that the district court abused its discretion in dismissing Thrasher's claim.[36]

*     *     *

For the foregoing reasons, we AFFIRM the district court's judgment.

---

[34] *Rogers v. Kroger Co.*, 669 F.2d 317, 321-22 (5th Cir. 1982).

[35] *See Lewis v. Sheriff's Dep't Bossier Parish*, 478 F.App'x 809, 818 (5th Cir. 2012) (per curiam).

[36] *See Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1519-20 (5th Cir. 1985) (per curiam) (noting the significance of the district court repeatedly granting additional time).