# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-40197

SILVESTRE MORENO, JR.,

Plaintiff - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

October 20, 2014

Lyle W. Cayce
Clerk

v.

DONNA INDEPENDENT SCHOOL DISTRICT; COUNTY OF HIDALGO; REYNALDO ALEGRIA, Individually and in his Official Capacities; NICK CASTILLO, Individually and in his Official Capacities; EFREN CENICEROS, Individually and in his Official Capacities; DONALD O. CRIST, Individually and in his Official Capacities; RENE ALFONSO GUERRA, Individually and in his Official Capacities; ROBERTO F. LOREDO, Individually and in his Official Capacities; ALFREDO LUGO, Individually and in his Official Capacities; ANGEL MAGALLANES, Individually and in his Official Capacities; MARY MORALES, Individually and in her Official Capacities; DEBBIE RODRIGUEZ, Individually and in her Official Capacities,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:12-CV-141

Before PRADO, ELROD, and GRAVES, Circuit Judges.

No. 14-40197

PER CURIAM:*

Plaintiff Silvestre Moreno, Jr., proceeding *pro se*, filed claims under 42 U.S.C. § 1983 against the County of Hidalgo ("County"), Donna Independent School District ("Donna ISD"), the State Bar of Texas, the State Bar's Office of Chief Disciplinary Counsel ("CDC"), the Texas Education Agency ("TEA"), TEA investigator Michael Franks, and numerous employees and/or trustees of the County and Donna ISD, in their individual and official capacities. In five separate orders, the district court disposed of Plaintiff's claims in favor of the defendants. We affirm.

I.

Plaintiff was a sixth grade social studies teacher at Veteran's Middle School in the Donna ISD. Two incidents during his tenure are relevant to his claims. In the first, a student allegedly poured a chemical liquid into Plaintiff's coffee, causing Plaintiff to become ill. The student was not criminally prosecuted. In the second incident, Plaintiff punched and kicked a misbehaving student. Following the second incident, Donna ISD suspended Plaintiff from his teaching position, with pay. Plaintiff participated in Donna ISD's three-level grievance process, which included a hearing at which Plaintiff was afforded an opportunity to present his version of the incident. The suspension was upheld. Subsequently, Donna ISD notified Plaintiff that it would not renew his teaching contract. Plaintiff participated in a non-renewal hearing, received an adverse decision, and appealed his non-renewal to the Texas Commissioner of Education. The Commissioner upheld the decision, and Plaintiff did not file further appeals.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40197

Plaintiff then sent correspondence to Donald O. Crist, Chief of Police of the Donna ISD, asking Crist to investigate alleged criminal infractions committed by Debbie O. Rodriguez, Assistant Superintendent of Human Resources for Donna ISD, and Mary Morales, a police officer in the Donna ISD. Plaintiff later sent correspondence to Rene Alfonso Guerra, the Criminal District Attorney of the County, requesting a criminal investigation into Crist's failure to conduct the requested criminal investigations of Rodriguez and Morales.

Plaintiff filed suit in the Southern District of Texas, alleging multiple constitutional violations. In two orders, the district court dismissed the claims against the State Bar of Texas, the CDC, the TEA, and Franks as barred by Eleventh Amendment immunity. Plaintiff did not appeal those rulings. The district court dismissed Plaintiff's claims against the County and Guerra for failure to state a claim upon which relief can be granted, dismissed Plaintiff's claims against Morales for insufficient service of process, and granted summary judgment in favor of all other defendants. Plaintiff appealed each of these three orders.

## II.

### A.

Plaintiff alleged that Guerra's decision not to investigate Plaintiff's complaints against Crist violated Plaintiff's rights to due process and equal protection. The district court granted a motion to dismiss filed jointly by the County and Guerra. We review a district court's grant of a motion to dismiss *de novo*. *Boyd v. Driver*, 579 F.3d 513, 515 (5th Cir. 2009) (per curiam).

We agree with the district court that the Eleventh Amendment shields Guerra from official-capacity liability. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A]n official-capacity suit is . . . to be treated as a suit against the entity . . . ."); *Edelman v. Jordan*, 415 U.S. 651, 663 (1974) ("[A]n unconsenting

No. 14-40197

State is immune from suits brought in federal courts."). We further agree that Plaintiff's claim against Guerra in his individual capacity is barred by absolute immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) (holding that prosecutors are immune from civil liability for prosecutorial decisions). With respect to the County, we agree with the district court that a municipality "cannot be held liable under § 1983 on a *respondeat superior* theory," *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978), and that Plaintiff did not allege any municipal policy or custom as the cause of his injury.

## B.

Plaintiff's claims against Morales are premised on actions Morales allegedly took during her investigation of the above-described incidents. The district court never addressed the merits of those claims, instead dismissing them, with prejudice, for insufficient service of process. *See* Fed. R. Civ. P. 4(m). On appeal, Plaintiff contends that he properly served Morales and that the district court's dismissal was an abuse of discretion.

We "review a district court's dismissal under Rule 4(m) for an abuse of discretion." *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013). Because "dismissal with prejudice is an extreme sanction that deprives a litigant of the opportunity to pursue his claim, it is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *Id.* at 512–13 (internal quotation marks and citations omitted). To warrant dismissal, we must find a delay "longer than just a few months; instead, the delay must be characterized by significant periods of total inactivity." *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326–27 (5th Cir. 2008) (internal quotation marks omitted).

Upon review of the record, we conclude that the district court properly exercised its discretion in dismissing Plaintiff's claims against Morales.

No. 14-40197

Plaintiff's attempted service on Morales was invalid for two separate reasons. First, Plaintiff himself sent summons to Morales via certified mail, but the Texas Rules of Civil Procedure require that service be made by a "sheriff or constable or other person authorized by law." *See* Tex. R. Civ. P. 103; *see also* Fed. R. Civ. P. 4(e) (incorporating service methods approved under state law). Indeed, the Texas Rules of Civil Procedure expressly prohibit a party to the lawsuit from serving process. *See* Tex. R. Civ. P. 103. Second, Morales never signed the certified mail receipt, rendering proof of service invalid under Texas Rule of Civil Procedure 107. *See* Tex. R. Civ. P. 107 ("[T]he return by the officer or authorized person must also contain the return receipt with the addressee's signature.").

We also conclude that the district court was within its discretion in dismissing Plaintiff's claims with prejudice. Plaintiff filed his lawsuit on April 24, 2012. On December 18, 2012, the district court ruled that Plaintiff had not properly served Morales and directed Plaintiff do so within thirty days. Over a year later, on January 31, 2014, when Plaintiff still had not served Morales, the district court dismissed Plaintiff's claims. In light of this "clear record of delay," the district court's dismissal with prejudice was warranted. *Thrasher*, 709 F.3d at 514.

C.

Finally, Plaintiff alleged that Donna ISD and several of its employees violated his rights to due process and equal protection declining to renew his contract. The district court granted summary judgment to the defendants, ruling that Plaintiff was afforded due process and that Plaintiff failed to allege or establish that he was treated differently than others who were similarly situated. Plaintiff's appeal is limited to the due process claims. "We review the grant of summary judgment *de novo*, applying the same standards as the

5

No. 14-40197

district court." *In re Egleston*, 448 F.3d 803, 809 (5th Cir. 2006) (internal quotation marks omitted).

"An essential principle of due process is that a deprivation of life, liberty, or property 'be preceded by notice and opportunity for hearing appropriate to the nature of the case.'" *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985) (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950)).  We agree with the district court that the non-renewal hearing—at which Plaintiff was afforded the opportunity to present his own version of the relevant events—satisfied the requirements of due process. *See Franceski v. Plaquemines Parish Sch. Bd.*, 772 F.2d 197, 199–200 (5th Cir. 1985) ("Termination after notice and hearing is not a deprivation cognizable under 42 U.S.C. § 1983.").  Therefore, defendants were entitled to judgment as a matter of law.[1]

We AFFIRM.

---

[1] Plaintiff also claims that his suspension was *ultra vires*.  According to Plaintiff, the superintendent of a school district "has the duty to initiate suspension or termination proceedings of employees," but Plaintiff was suspended by Rodriguez, the assistant superintendent.  However, Plaintiff does not explain why the superintendent's duty would preclude the assistant superintendent from suspending employees, nor does Plaintiff suggest how any alleged statutory violation would give rise to a federal constitutional claim.