# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
April 12, 2018

Lyle W. Cayce
Clerk

No. 16-60600
Summary Calendar

JUAN CARLOS CACERES-MEJIA,

Plaintiff-Appellant

v.

J. WATSON, Food Service Supervisor of Trinity Service Group (Adams Correctional Center),

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:16-CV-3

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Juan Carlos Caceres-Mejia, formerly federal prisoner # 69134-379, filed a pro se civil complaint in January 2016 in which he named J. Watson, the food service manager for Trinity Services Group (TSG) at the Adams County Correctional Center, as the only defendant. Caceres-Mejia paid the $400 filing fee.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60600

The magistrate judge (MJ), after warning Caceres-Mejia that his case could be dismissed if he failed to timely serve the defendant and file proof of service, as required by Federal Rule of Civil Procedure 4, recommended that the action be dismissed without prejudice for failure to comply with court orders or timely serve process.  Caceres-Mejia objected to the MJ's report, asserting that he had served Watson by mail at an address in Florida.  On August 17, 2016, the district court adopted the MJ's report and dismissed Caceres-Mejia's civil action without prejudice.  The district court considered Caceres-Mejia's objection, but determined that he had not complied with Federal Rule of Civil Procedure 4.

On appeal, Caceres-Mejia contends that he properly served Watson via mail.  He notes that he filed proof-of-service forms in the district court.

A district court may dismiss an action sua sponte for failure to prosecute or to comply with any court order. *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).  Federal Rule of Civil Procedure 4(m) provides that, "if a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice to the defendant or order that service be made within a specified time."  A plaintiff's failure to comply with the time requirement of Rule 4(m) "authorizes a district court to dismiss an action without prejudice, except upon a showing of good cause."  *Lozano v. Bosdet*, 693 F.3d 485, 487 (5th Cir. 2012).

We review dismissals under Rule 4(m) and Rule 41(b) for abuse of discretion.  *See Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014); *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013).  "Generally, an abuse of discretion only occurs where no reasonable person could take the view adopted by the trial court.  If reasonable persons could differ, no abuse of

No. 16-60600

discretion can be found." *Dawson v. United States*, 68 F.3d 886, 896 (5th Cir. 1995) (quotation and citation omitted).

Service by mail is not expressly permitted by Federal Rule of Civil Procedure 4; however, an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1). Mississippi procedural law permits service of a summons and complaint by mail. *See* MISS. R. CIV. P. 4(c)(3), (5).

Caceres-Mejia has not followed state law for service of summons. He has not filed the requisite proof to establish that Watson acknowledged service of process. *See* MISS. R. CIV. P. 4(c)(3)(B), (f). The record also shows that Caceres-Mejia failed to use the "restricted delivery" option as specified by the Mississippi rules for serving a defendant outside the state by certified mail. *See* MISS. R. CIV. P. 4(c)(5).

Caceras-Mejia cannot demonstrate that the district court abused its discretion in dismissing his action without prejudice. *See Thrasher*, 709 F.3d at 511; *Dawson*, 68 F.3d at 896. We therefore AFFIRM the judgment of the district court.