# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 28, 2020

Lyle W. Cayce
Clerk

No. 20-30261

Shannon Demond Dotson,

*Plaintiff—Appellant*,

*versus*

Tunica-Biloxi Gaming Commission; Sheila Augustine;
Lori Piazza; Ms. Vocarro; Unknown Supervisor,
African; Unknown Manager, 1:30 PM; Ms. Camilla;
Commissioner Newman; Commissioner Bobby Pierite;
Catherine Pierite; Cheryl Barby,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:18-CV-885

Before Haynes, Willett, and Ho, *Circuit Judges*.

Per Curiam:*

Shannon Dotson claims he won a $20,500,000 jackpot while playing the slot machine at the Paragon Casino Resort. Dotson filed this suit pro se

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-30261

against multiple defendants, including the Tunica-Biloxi Gaming Commission, Lori Piazza, and Ms. Vocarro, alleging that they stole his jackpot winnings by fabricating a slot machine error code. The district court dismissed with prejudice Dotson's claims against the Gaming Commission, Piazza, and Vocarro. Dotson appealed, and, for the reasons discussed below, we affirm.

I

The Tunica-Biloxi Tribe of Louisiana is a federally recognized Indian tribe. *See* Indian Entities Recognized and Eligible to Receive Services from the United States Bureau of Indian Affairs, 81 Fed. Reg. 26,826–02, 26,830 (May 4, 2016). The Tribe established the Tunica-Biloxi Gaming Commission under tribal law and in accordance with the Indian Gaming Regulatory Act (IGRA). *See* 25 U.S.C. §§ 2701 *et seq.* The Gaming Commission regulates gaming activities within the jurisdiction of the Tribe, including those at the Tribe-owned Paragon Casino Resort. *See* Tribal-State Compact for the Conduct of Class III Gaming Between the Tunica-Biloxi Indian Tribe of Louisiana and the State of Louisiana, § 8(A); *see also* 66 Fed. Reg. 51,453–03, 51,453 (Oct. 9, 2001). In the Tribal-State Compact between the Tribe and the State of Louisiana, the Tribe expressly reserved its tribal sovereign immunity with respect to patrons' disputes arising from the Paragon Casino's refusal to award or pay alleged winnings. *See* Tribal-State Compact at § 14(A).

\*     \*     \*

Shannon Dotson was a patron at the Paragon Casino Resort. He alleges that his slot machine stopped and displayed "20 5," which he claims entitled him to a $20,500,000 jackpot. Dotson says that he pressed the machine's service button to claim his winnings; he further asserts that Lori Piazza, a Paragon Casino employee, arrived at his slot machine, told him that he had not won, cashed him out, and then took his ticket. Dotson then avers

No. 20-30261

that he asked to speak with a manager; Ms. Vocarro and Bobby Pierite, two of Piazza's supervisors, arrived. Dotson claims that Vocarro and Pierite, as well as other casino employees, said they could not find a "20 5" code in the slot machine manual and, when they ran a code scan, no code with "20 5" showed up. Dotson appeared before the Tunica-Biloxi Gaming Board to present his case, and the Board ruled against him.

Dotson then brought this suit pro se under 42 U.S.C. § 1983, § 706 of the Civil Rights Act of 1964, 18 U.S.C. § 1964 (civil RICO), *Bivens*, the Federal Tort Claims Act, and the "eggshell skull rule." Dotson alleges that the Gaming Commission, Piazza, Vocarro, and other defendants violated gaming regulations and laws, fabricated evidence, falsified documents, defamed him, lied under oath, and falsified error codes in the slot machine.[1]

The Gaming Commission filed a motion to dismiss under Rule 12(b)(1), asserting tribal sovereign immunity, or, in the alternative, a motion for a more definite statement. Piazza and Vocarro filed a motion to dismiss for failure to effect service under Federal Rules of Civil Procedure 4(m), 12(b)(5), and 41(b), as well as under Local Rule 41.3. The magistrate judge issued a report and recommendation, finding that the Gaming Commission was an agency and arm of the Tribe and thus entitled to sovereign immunity. The magistrate judge also found that Dotson had not served Piazza and Vocarro and had not shown good cause for his failure to serve them under Rule 4(m). Thus, the magistrate judge recommended that the claim against

---

[1] In addition to naming the Gaming Commission, Piazza, and Vocarro as defendants, Dotson also sued an unnamed supervisor, Sheila Augustine, Ms. Camilla, Bobby Pierite, Catherine Pierite, Cheryl Barbry, and Aubery Newman. The magistrate judge recommended dismissing Dotson's action against these defendants for lack of service, but the district court did not specifically mention these defendants in its dismissal. However, on appeal, Dotson does not claim to have effected service on any of these defendants.

No. 20-30261

the Gaming Commission be dismissed with prejudice and the claim against Piazza and Vocarro be dismissed without prejudice. The district court adopted the magistrate judge's R&R and dismissed with prejudice Dotson's claims against the Gaming Commission, Piazza, and Vocarro.[2] Dotson appealed.

## II

We review a district court's dismissal for lack of subject-matter jurisdiction de novo. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). We review a district court's dismissal for failure to timely effect service for abuse of discretion. *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013).

## III

Dotson raises two issues on appeal. First, he claims that the district court erred in granting the Gaming Commission's motion to dismiss based on tribal sovereign immunity. Second, he argues that the district court erred in granting Piazza and Vocarro's motion to dismiss under Rules 4(m), 12(b)(5), and 41(b) and Local Rule 41.3. We address each in turn.

## A

Tribes possess "common-law immunity from suit," subject only to Congress's plenary control. *Michigan v. Bay Mills Indian Cmty.*, 572 U.S. 782, 788 (2014) (quoting *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 58 (1978)). This doctrine of tribal sovereign immunity is "settled law." *Id.* at 789 (quoting *Kiowa Tribe of Okla. v. Mfg. Techs., Inc.*, 523 U.S. 751, 756 (1998)).

---

[2] The district court also denied as moot: The Gaming Commission's alternative motion for a more definite statement; Dotson's motion for issuance of subpoena duces tecum; and the Commission's motion to quash.

4

Accordingly, absent congressional authorization or waiver, a court must dismiss a suit against a tribe for lack of subject-matter jurisdiction. *Id.* Moreover, tribal sovereign immunity shields not only the tribe itself but also "an arm or instrumentality" of the tribe. *Lewis v. Clarke*, 137 S. Ct. 1285, 1290 (2017) (citation omitted).

Applying these principles to this case, the Tunica-Biloxi Tribe is immune from suit, and the Tribe's immunity extends to the Gaming Commission, an arm of the Tribe. Plus, Congress has not authorized suit, and the Tribe has expressly reserved its immunity from suit in contested-winnings disputes brought by patrons. Thus, the Gaming Commission is shielded from suit, and the district court did not err in dismissing the claims against the Gaming Commission for lack of subject-matter jurisdiction.

Dotson's arguments to the contrary fail. Although Dotson acknowledges that the Tribe is immune from suit, he argues that the Gaming Commission, as an agency of the Tribe, does not enjoy this same immunity. But this argument conflicts with the principle of sovereign immunity that "an arm or instrumentality of the State generally enjoys the same immunity as the sovereign itself." *Lewis*, 137 S. Ct. at 1290 (citation omitted). Dotson also argues that tribal sovereign immunity can be circumvented by seeking an injunction against a specific official: He claims his suit is not against the Tribe but rather against the "Paragon Casino employee that was violating Federal Gaming Regulation Laws." However, the question of the Tribe's—and, by extension, the Gaming Commission's—sovereign immunity is independent of the question of whether individual capacity suits may be brought against

No. 20-30261

tribal officials. Because only the former is at issue here and the Tribe and Gaming Commission enjoy sovereign immunity, Dotson's argument fails.[3]

B

We next address Dotson's arguments regarding the dismissal of his claims against Piazza and Vocarro for failure to timely effect service of process. Rule 4(m) requires a court to dismiss an action without prejudice if the defendant is not served within 90 days after the complaint is filed. FED. R. CIV. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* And "[e]ven if the plaintiff lacks good cause, the court has discretion to extend the time for service." *Thrasher*, 709 F.3d at 511.

The plaintiff bears the burden of proving good cause for failure to effect timely service. *Id.* This proof requires "at least as much would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Id.* (quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985)). Plus, the plaintiff must also show good faith and "some reasonable basis for noncompliance" with timely service. *Id.* (quoting *Winters*, 776 F.2d at 1306). If the district court exercises its discretion and dismisses an action *with prejudice*, "we must find a delay longer than just a few months; instead, the delay must be characterized by significant periods of total inactivity" to justify this "extreme sanction." *Id.* at 512–13 (cleaned up).

---

[3] Dotson also argues that the district court erred in dismissing the claims against the Gaming Commission because he effected service on parties. However, this argument conflates the court's subject-matter jurisdiction with separate jurisdictional issues. Accordingly, this argument also fails.

The district court did not abuse its discretion in concluding that Dotson had failed to show good cause for his failure to effect timely service and in dismissing his action with prejudice. Approximately eight months passed between Dotson's filing of his complaint and the reissuance of summons to Piazza and Vocarro, which were returned unexecuted. During those eight months, Dotson made no effort to serve Piazza or Vocarro. Moreover, during that eight-month period, Dotson was granted an extension of time to effect service and two received two notices of the district court's intent to dismiss his case for failure to prosecute under Local Rule 41.3. After Dotson's suit was dismissed for failure to effect service and then reopened, the district court granted Dotson yet another extension of time to complete service by June 15, 2019. Dotson fails to show good cause for these delays. Both of his arguments that good cause exists—the alleged theft was a "traumatizing experience" and "Cindy or Christy Smith sabotage[d] the summons"—are insufficient proof to meet his burden. Moreover, the district court's decision to impose the extreme sanction of dismissal with prejudice was warranted here because there is a "clear record of delay" that was caused by Dotson himself. *See Thrasher*, 709 F.3d at 514 (considering a clear record of delay plus one of three aggravating factors as grounds for affirming dismissals with prejudice).

Dotson argues that the district court abused its discretion in dismissing his claims against Piazza and Vocarro because he claims that he effectively served them on June 14, 2019. That day, Dotson's process server requested that Christy Smith, the Clerk of Court for the Tunica-Biloxi Tribal Court, serve summons on the Gaming Commission, Piazza, and Vocarro. Smith determined that the summons issued to Piazza could not be served because Piazza was no longer employed at the Paragon Casino Resort and the summons issued to Vocarro could not be served because it lacked the defendant's full name. Both summonses were then returned by mail to

No. 20-30261

Dotson; neither Piazza nor Vocarro were served. Moreover, Dotson's attempt at service was defective under Rule 4(e) because Smith is not an authorized agent for service for either Piazza or Vocarro.[4] Dotson's argument thus fails.

## IV

For all these reasons, we AFFIRM the district court's dismissal of Dotson's claims against the Gaming Commission, Piazza, and Vocarro.

---

[4] As Clerk of Court, Smith receives documents that are requested to be served through the Tribal Police. After reviewing the documents to determine if they are sufficient, she forwards them to the Tribal Police for service.