# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
May 16, 2024

Lyle W. Cayce
Clerk

_____

No. 23-30655
Summary Calendar

_____

Latoshia Thompson,

*Plaintiff—Appellant*,

*versus*

Tashion Singleton; Tully Leffew, *Claims Adjuster*; Mya Aaran Henry, *Insurance*; Allstate Insurance Company,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:22-CV-594

_____

Before Elrod, Haynes, and Douglas, *Circuit Judges*.

Per Curiam:[*]

LaToshia Thompson, proceeding pro se, filed a civil action based on diversity of citizenship pursuant to 28 U.S.C. § 1332. The district court dismissed the action for insufficient service of process. *See* Fed. R. Civ. P. 4(m). By moving to proceed in forma pauperis (IFP) in this court, Thompson challenges the district court's denial of her motion for leave to

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

proceed IFP on appeal. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Thompson must demonstrate that she will present a nonfrivolous issue for appeal. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982).

Thompson maintains that she effectuated proper service because Mya Aaran Henry, who she alleges was served in accordance with the United States Postal Service (USPS) COVID-19 contactless delivery protocol, was a designated agent for all the defendants. Because this argument is raised for the first time on appeal, we should decline to review it. *See Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Discount Centers, Inc.*, 200 F.3d 307, 316-17 (5th Cir. 2000). Even if we did consider the argument, it is unavailing because affidavits contained in the record indicate that Henry and Tashion Singleton did not appoint an agent authorized to receive service of process on their behalf, and Tully Leffew is no longer an employee of Allstate Insurance Company. Moreover, Thompson fails to explain why she did not comply with the district court's February 9, 2023, and July 6, 2023, orders requiring her to effectuate proper service, which were both issued after the expiration of the USPS COVID-19 contactless delivery protocol.

The record supports a finding of delay caused by Thompson's failure to comply with the district court's orders to effectuate proper service on the defendants within 17 months of filing her complaint. *See Thrasher v. City of Amarillo*, 709 F.3d 509, 513 (5th Cir. 2013); Fed. R. Civ. P. 4(m). In addition, given that Thompson failed to effectuate service despite the district court's warning of dismissal and grant of extensions to do so, it cannot be said that lesser sanctions would have better served the interests of justice. *See Thrasher*, 709 F.3d at 514. Accordingly, Thompson fails to present a nonfrivolous issue with respect to the district court's dismissal of her complaint for insufficient service of process. *See id.* at 512-13; *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Thompson also fails to present a nonfrivolous issue with respect to the denial of her motions to recuse, which

were based solely on adverse rulings. *See United States v. Scroggins*, 485 F.3d 824, 830 (5th Cir. 2007); *Howard*, 707 F.2d at 220.

Accordingly, Thompson's motion to proceed IFP is DENIED, and the appeal is DISMISSED. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.