# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 17, 2025

Lyle W. Cayce
Clerk

No. 25-40483
Summary Calendar

———————

Hou He Zeng,

*Plaintiff—Appellant*,

*versus*

UTMB Health Center; Medical Behavioral Hospital of
Clear Lake; Sheriff Jake Linkey; Galveston County
Sheriff's Office; Galveston County,

*Defendants—Appellees*.

———————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:24-CV-274

———————

Before Dennis, Haynes, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Hou He Zeng filed a 42 U.S.C. § 1983 suit against Defendants on September 18, 2024, alleging Defendants committed healthcare fraud and violated her civil rights during her stay at Medical Behavioral Hospital of Clear Lake. On December 20, 2024, the district court ordered Zeng to serve

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Defendants no later than January 31, 2025, or show cause why she could not. The court extended the service deadline twice more, until May 20, 2025. On July 28, 2025, the district court dismissed Zeng's suit without prejudice for failure to effect service of process. Fed. R. Civ. P. 4(m). Zeng timely appealed.

We review a dismissal under Rule 4(m) for failure to effect service for abuse of discretion. *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013).

If a defendant is not served within ninety days after the complaint is filed, a court has two options: it must either "dismiss the action without prejudice . . . or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "If the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*

The district court did not abuse its discretion in concluding that Zeng failed to properly serve Defendants, nor did she demonstrate good cause for her failure. The record reflects Zeng once attempted to serve process on defendants by certified mail. This attempt does not comply with the applicable Rules of Civil Procedure. *See* Fed. R. Civ. P. 4(c)(2) ("Any person who is at least 18 years old and *not a party* may serve a summons and complaint.") (emphasis added); Tex. R. Civ. P. 103 (same). The district court notified Zeng that Defendants still had not been properly served and repeatedly extended the deadline for Zeng to serve Defendants. Zeng's only response was to seek recusal of the district judge. Nor does Zeng's pro se status excuse failure to effect service pursuant to the Rules of Civil Procedure. *Thrasher*, 709 F.3d at 512.

No. 25-40483

For the foregoing reasons, the district court's judgment is AFFIRMED.[1] Zeng's motions to expedite and for summary disposition are DENIED AS MOOT.

---

[1] We note that Zeng's § 1983 suit is subject to a two-year statute of limitations period, which has not expired. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) ("The statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state."); Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (providing personal injury limitations period of two years). Because the district court's dismissal was without prejudice, she may refile her suit.