# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 6, 2026

Lyle W. Cayce
Clerk

No. 25-60342
Summary Calendar

———————————

Christopher R. Knox,

*Plaintiff—Appellant*,

*versus*

University of Mississippi,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:24-CV-229

———————————————————————

Before Higginbotham, Engelhardt, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Christopher Knox, proceeding pro se, appeals the district court's dismissal of his employment discrimination complaint. After two attempts to serve his complaint, the district court granted the University of Mississippi's (University) motion for judgment on the pleadings and

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

dismissed his case for failure to serve. *See* Fed. R. Civ. P. 12(c); Fed. R. Civ. P. 4(m).

On appeal, Knox argues that pursuant to Federal Rule of Civil Procedure 4(h), he served the University's Office of General Counsel, which purports to represent the University and its chancellor in all legal matters. Thus, he argues that the Office of General Counsel is an authorized legal agent for service.

Because the University is a state-created entity, we conclude that the district court correctly determined that Federal Rule of Civil Procedure 4(j)(2) governs. Pursuant to that subsection, service must be on the chief executive officer of the entity. *See* Fed. R. Civ. P. 4(j)(2)(A). In the alternative, Rule 4(j)(2)(B) provides that service may be made under the relevant state law provisions, which would be Mississippi Rule of Civil Procedure 4(d)(5). That rule provides that, to serve the state or one of its institutions, service may be made on the Attorney General of the State of Mississippi. Miss. R. Civ. P. 4(d)(5).

Despite being given an additional period to accomplish service, and being advised of the applicable rules, Knox failed to serve either the chief executive officer of the University or the Attorney General. Therefore, the district court did not abuse its discretion by dismissing Knox's complaint. *See Thrasher v. City of Amarillo*, 709 F.3d 509, 511-12 (5th Cir. 2013).

AFFIRMED.