# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 31, 2026

Lyle W. Cayce
Clerk

No. 24-40731

———————

Logan Wesley, III,

*Plaintiff—Appellant*,

*versus*

Jeff Neal, *Sheriff*; FNU Walker, *Captain*; FNU Malone, *Sergeant*; FNU Holt, *Sergeant*; FNU Novell, *Officer*; FNU Adams, *Officer*,

*Defendants—Appellees*.

———————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:22-CV-78

———————————————————

Before Jones, Engelhardt, *Circuit Judges*, and Summerhays, *District Judge*.[*]

Per Curiam:[†]

———————————————

[*] United States District Judge for the Western District of Louisiana, sitting by designation.

[†] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-40731

Logan Wesley, III, Texas prisoner # 02323343, proceeding pro se, but not in forma pauperis, filed a 42 U.S.C. § 1983 suit against Sheriff Neal, Captain Walker, Sergeant Malone, Sergeant Holt, Officer Novell, and Officer Adams, related to an alleged assault by another inmate while in custody. The district court dismissed his claims. Having carefully reviewed the briefs, the district court opinion, and pertinent portions of the record, we AFFIRM.

Wesley was convicted on multiple counts of sexual assault of a child and was sentenced to life in prison. He alleged that he was assaulted on July 3, 2020, by an inmate in the Bowie County, Texas Correctional Center and was struck in the face, incurring a broken jaw and permanently disfigured face. Two years later, he filed a 42 U.S.C. Sec. 1983 suit against Sheriff Neal, Captain Walker, Sergeants Malone and Holt, and Officers Novell and Adams. He alleged that (1) Adams violated protocol by removing him from his cell while a violent inmate was in the dayroom; (2) Novell violated protocol by opening the cell door at that time; (3) Malone delayed his receiving medical attention by allowing him to wait four hours for medical transport to a hospital, and allowed him to go days without food; (4) Holt placed him on suicide watch for nine days; (5) Walker was responsible for the medical observation placement and failed to oversee his nutrition; and (6) Sheriff Neal was responsible for unsafe conditions and the lack of protocol.

Responding to various motions, the district court (1) dismissed Wesley's claims as to Neal, Walker, and Malone, regarding the delay in taking Wesley to the hospital, with prejudice, for failure to state a claim upon which relief may be granted; (2) dismissed Wesley's claims as to Holt, Novell, and Adams, without prejudice, for failure to effect service of process; and (3) dismissed Wesley's claim against Malone for the alleged denial of food, without prejudice, for failure to prosecute or to obey an order of the

Court. As to those claims dismissed without prejudice, the district court suspended the statute of limitations for a period of 60 days, following the entry of the final judgment.

On appeal, Wesley argues that the district court erred by (1) dismissing his claims against Holt, Novell, and Adams for insufficient service of process; (2) denying his motions to amend his complaint; (3) failing to disqualify the attorney representing Neal, Walker, and Malone; and (4) dismissing certain claims against Neal and Malone for failure to state a claim upon which relief may be granted. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). To the extent that Wesley attempts to raise new claims for the first time on appeal, we will not consider them. *See Williams v. Ballard*, 466 F.3d 330, 335 (5th Cir. 2006) (per curiam). Further, because Wesley fails to identify any error in the district court's analysis as to the denial of his motions to amend his complaint, he has abandoned any such challenge. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

A district court's dismissal under Federal Rule of Civil Procedure 4(m) for insufficient service of process is reviewed for abuse of discretion. *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013). Wesley indicates that he attempted to serve Holt, Novell, and Adams himself, in plain violation of state and federal rules. *See* Tex. R. Civ. P. 103; Fed. R. Civ. P. 4(c)(2). Accordingly, he fails to meet his burden of establishing that service of process as to Holt, Novell, and Adams was valid. *See Sys. Signs Supplies v. U.S. Dep't of Just.*, 903 F.2d 1011, 1013 (5th Cir. 1990) (per curiam). The district court did not abuse its discretion in dismissing his claims against these defendants. *See Thrasher*, 709 F.3d at 511.

This court reviews a district court's ruling upon a disqualification motion for abuse of discretion. *F.D.I.C. v. U.S. Fire Ins. Co.*, 50 F.3d 1304,

1311 (5th Cir. 1995). In doing so, this court reviews factual findings for clear error, and it performs a de novo review "of the district court's application of the relevant rules of attorney conduct." *Id.* "A party seeking to disqualify opposing counsel on the ground of a former representation must establish two elements: 1) an actual attorney-client relationship between the moving party and the attorney he seeks to disqualify and 2) a substantial relationship between the subject matter of the former and present representations." *In re Am. Airlines, Inc.*, 972 F.2d 605, 614 (5th Cir. 1992). Here, Wesley fails to argue, let alone demonstrate, a substantial relationship between the subject matter of the former and present representations. *See id.* Thus, he cannot show clear error in the district court's factual finding of the absence of any substantial relationship. *See United States v. Anderson*, 93 F.4th 859, 869 (5th Cir.), *cert. denied*, 145 S. Ct. 202 (2024). There is no indication that the district court abused its discretion by denying his motion to disqualify. *See U.S. Fire Ins. Co.*, 50 F.3d at 1311.

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). This court reviews Rule 12(b)(6) dismissals de novo, "accept[ing] all well-pleaded facts as true" and "construing all reasonable inferences in the light most favorable to the plaintiff." *Hernandez v. W. Tex. Treasures Est. Sales, L.L.C.*, 79 F.4th 464, 469 (5th Cir. 2023) (internal quotation marks and citations omitted). Because Wesley's brief does not challenge the merits of the district court's dismissal of his complaint against Walker, he has abandoned any challenge to this dismissal. *See Brinkmann*, 813 F.2d at 748.

First, Wesley contends that he has sufficiently stated a claim that Sheriff Neal is liable for § 1983 damages under the theory of supervisory liability. Wesley fails to plead specific facts indicating that Neal was

4

personally involved in the constitutional deprivation or that a sufficient causal connection exists between the Sheriff's conduct and the constitutional violation. *See Thompkins v. Belt*, 828 F.2d 298, 303–04 (5th Cir. 1987). Accordingly, the district court did not err in dismissing his claim against Neal for supervisory liability. *See Iqbal*, 556 U.S. at 678.

Wesley further argues that he has sufficiently stated a claim that Sheriff Neal failed to supervise and train staff. However, he fails to allege any facts surrounding Neal's specific conduct as it relates to training or supervision, or allege with specificity how a particular training program is defective. *See Goodman v. Harris Cnty.*, 571 F.3d 388, 395 (5th Cir. 2009). Accordingly, the district court did not err in dismissing his claim against Neal for failure to supervise and train staff. *See Iqbal*, 556 U.S. at 678.

Wesley contends that he has sufficiently stated a claim against Malone for deliberate indifference to his serious medical needs because he was not taken to the hospital after the assault for four to six hours. He has abandoned any challenge to the district court's dismissal of his claim against Malone for denial of food by failing to meaningfully brief the issue. *See Brinkmann*, 813 F.2d at 748.

The Eighth Amendment deliberate indifference standard applies to claims of deficient medical care. *See Gobert v. Caldwell*, 463 F.3d 339, 345–46 (5th Cir. 2006). Wesley fails to allege the facts necessary to state a claim against Malone for deliberate indifference. *See Petzold v. Rostollan*, 946 F.3d 242, 249 (5th Cir. 2019). He fails to allege facts indicating that Malone denied or delayed his medical treatment because he admits that he was taken to the nurse's station after the alleged assault. *See id.* He also fails to allege facts indicating substantial harm caused by the delay or by Malone's actions. *See id.* Accordingly, the district court did not err in dismissing Wesley's

No. 24-40731

claim against Malone for deliberate indifference to his serious medical needs. *See Iqbal*, 556 U.S. at 678.

For these reasons, the judgment of the district court is AFFIRMED.